At the last June term in this county, the cause was briefly spoken to by Mellen in support of the exceptions, and thence continued for advisement; and now the opinion of the Court was delivered by
Parsons, C. J.
The demandant has sued a writ of entry, to recover his seisin of the lands demanded in the writ and count. The tenant pleads the general issue, and to maintain the issue on his part, offers to give in evidence that he is tenant at will to one Timothy Manly, and that Manly conveyed the lands demanded to Kelleran in mortgage. To prove that the conveyance was a mortgage, he offered to read in evidence a contract in writing, under the demandant’s hand, of the following tenor. [Here his honor read the agreement before recited.] But the judge rejected the evidence that he was tenant at will, and refused to let this contract be read to the jury.
As the demandant, in his writ, had demanded a freehold of the tenant, he, by pleading the general issue, had admitted on record that he was the tenant of the freehold, (a) He was therefore es-topped from proving that he had not the freehold, but was a tenant at will.
As to the effect of the written contract, if it be an instrument of defeasance at common law of the conveyance made by Manly to the demandant, the tenant might have read it in evidence, to show that the demandant was entitled only to the conditional judgment, as in a suit to foreclose a mortgage.
In chancery, whenever it appears, from written evidence, that land is conveyed as a pledge to secure the payment of money, the conveyance will be treated as a mortgage, in whatever form the land was pledged. And if we had all the equity powers of a court of chancery, I should be satisfied that the conveyance in this case, with the written contract of reconveyance, would be deemed in equity a mortgage, and the grantee would be allowed to redeem.
* But the equity powers of this Court are derived from [ * 445 ] statute, and are extremely limited. We can relieve mortgagors only in cases where the lands are granted on condition, by force of any deed of mortgage, or bargain and sale with defeasance. [Vide statutes 1785, c. 22. —1798, c. 77.] Now, a defeasance of any instrument of conveyance must be of as high a nature as the conveyance, must be executed at the same time, and is to be con *390 si dered as a part of it, so that the conveyance and defeasance must be taken together, and considered as parts of one contract. If, therefore, the conveyance is by deed, the defeasance must be by deed. In this case, the conveyance by Manly to Kelleran was by deed, and the agreement by Kelleran was merely by a simple contract; and, however it might in equity have the effect of a defeasance, at law it is not a defeasance of the deed of Kelleran.
Wilde for the demandant.
The counsel for the tenant referred to the statute of 1802, c. 33, which provides that no conveyance of any land, unless for a term less than seven years, shall be defeated or encumbered by any bond or other deed, or instrument of defeasance, unless they are registered. This provision cannot avail to enlarge our jurisdiction, which was not within the purview of the act. What shall be deemed an instrument of defeasance, must still be determined upon the principles of the common law. The written contract of Kelleran, not under his seal, was, in our opinion, properly rejected as evidence. (b)

Judgment according to the verdict

 [But see note (a) to Higbee vs. Rice, 5 Mass. Rep. 352. —Ed.]

 [This seems to be a very narrow construction of the statute.—But see Cutler vs Dickerson, 8 Pick. 386. — Bissell vs. Strongs 9 Pick. 65. — Flagg vs. Mann, 14 Pick 467. — Eaton vs. Greene, 22 Pick. 526. —Ed.]