The opinion of the Court was afterwards delivered to the following effect by
Parsons, C. J.
Four several points were reserved by the judge. The second and third arise from the consideration of the effect and operation of the trusts expressed in the deed to Abraham Burrall. But as the demandants do not claim under this deed, nor under the grantors, and as they are not parties or privies to it, and their rights cannot be affected by it, it is unnecessary particularly to state these points, or to give any opinion upon them.
The first point arises on the construction of the legislative grant. The tenant contends that the grantees took as joint tenants, and that on the death of Daniel, the * father of the de- [ * 350 ] mandants, his eighth part survived to their uncles and aun*s If this were the true construction, yet, as was observed at the bar, their father at his death was also seised in fee as a tenant in common of the eighth part, which he purchased of his brother Edward, and which descended to the demandants as his children and heirs.
But the demandants have further argued that the grantees under the legislative grant took as tenants in common, and consequently that on their father’s death the eighth part conveyed to him as an origina, grantee, as well as the eighth part purchased of their uncle Edward, descended to them.
If this grant from the legislature is subject to the same rules of construct’ in as grants by private persons, it is very clear that the tenant’s position must prevail as to one eighth. But a grant by the legislature is a statute conveyance, and the intent of the legislature in passing the resolution in this case, must govern.
Most of the public lands, which were aliepated by the late province, and also by the commonwealth, were passed by virtue of acts or resolutions of the legislature Generally the lands were granted in large parcels, to a great number of grantees, on condition of setilement, and for the purpose of forming towns to share in the pub- *272 lie burdens, when the inhabitants should be of sufficient ability. These legislative grants have invariably, and from the early settlement of the country, been considered as vesting in the grantees and their heirs estates in common. This practice has been un versai, and we believe not an exception can be produced. From .¿.ng use it has acquired the force of law, and a decision repugnant to it would produce infinite confusion, and affect very many titles to land in the state. We therefore consider ourselves bound to decide, as a rule of property not to be disturbed, that grants, by virtue of acts or resolutions of the legislature to two or more [ * 351 ] persons * in fee, are to be construed as conveying to the grantees estates in common; unless a different tenure should be expressed in the grant.
That such was the intent of the legislature, in passing the resolution before us, cannot admit of reasonable doubt. Daniel, the grandfather, had taken possession of part of this land: on his death the legislature recognize a continuance of the possession in his heirs. The petition to the legislature for the grant was by Edward for himself and his brothers and sisters. It is manifest that the grant was made to the children of Daniel as his heirs, he being then dead, and his heirs praying for it in his right. But as heirs they would not have taken as joint tenants, and we cannot presume that the legislature intended that, as grantees, they should hold in joint tenancy.
As to the first point, it is our opinion that the grantees took under the resolution an estate in fee as tenants in common.
The fourth point reserved is, whether, under any view of this case, an actual ouster is necessary to be proved.
It has been argued for the tenant that, as the demandants claim two eighth parts against him, he is supposed by them to be a tenant in common with them; that they cannot recover, without proving against him an actual ouster ; and that no facts were proved to warrant the jury in presuming any disseisin committed by him.
It is true that the mere pernancy of all the profits by one tenant in common, is not an ouster of another tenant in common. And it will not be denied, that in ejectione firmce, which is an action of tres pass against the defendant for ejecting the plaintiff from his farm, under the general issue of not guilty, if the parties were tenants in common, the plaintiff, to recover, must prove an ouster by the defendant. We speak not of the fictitious, but of the actual ejectione firmce, in which neither the lease, nor the entry, nor ouster is confessed. And the reason is evident, because the ouster is not only charged in the writ, but is by the plea put in issue.
[* 352 ] * But a writ of entry will lie only against a tenant of the freehold, and if he does not disclaim, or plead non- *273 tenure, he admits himself to be tenant of the freehold by the plea of nul disseisin.
In this writ the demandants demand of the tenant seisin of two eighths. If he admitted the demandants’ title, he might have pleaded that he did not hold the two eighths demanded against him, and this he might well plead, although he claimed to be seised of the remaining six eighths, as a tenant in common with the demandants. On this plea of non-tenure, he might have compelled the demandants to prove an ouster, to entitle themselves to a verdict. But non-tenure cannot be given in evidence under the general issue in this action.
Upon the principles applicable to a writ of entry, it would seem reasonable that in this case, under the general issue, the demandants were not obliged to prove an actual ouster. For if the demandantshave proved their seisin in fee as alleged, and the tenant, by his plea, has alleged that he has the freehold of the tenements demanded, all that remains for him is to show that he entered justly by judgment of law; and if he fail, the issue is with the demandants (a).
It is not, however, necessary to decide this question at this time, because we are satisfied that the demandants sufficiently proved an actual ouster. Without considering in this view the effect of the trust deed to Abraham Burrall, it is stated that he, claiming the legal estate, conveyed the two hundred acres to the tenant in 1796.
A conveyance by deed, duly acknowledged and registered, is by our statute of enrolments equivalent to livery of seisin. Under this deed, the tenant entered into the whole, and acquired a freehold estate in it, either by right or by wrong. If by wrong, as appears in his case, it was an actual disseisin; and judgment must be entered on tho verdict for the demandants.

 Kelleran vs. Brown, 4 Mass. 443. — Pray vs. Pierce, 7 Mass. 381. — Alden vs Murdock, 13 Mass. 259. — Prescott vs. Hutchinson, 13 Mass. 439. — Roberts vs. Whiting, 16 Mass. 186. — Sed Quære. In a writ of entry sur disseisin, non disseisivit is the general issue. Rost. 272. b. 283. a. — Booth, 179. 1 Roscoe, 226., the remedy is merely possessory, and concurrent with ejectment. Co. Lit. by Thomas, vol. 3, p. 194., note A. Jlrclib. Civ. pi. 475. Under tins issue a disseisin or not, is the very thing to be proved.