Parker, C. J.
The defence set in this case is wholly inadmissible. The title of the demandant is denied by plea ; yet it is agreed in the case, that she is the lawful heir of James, who died seized of the land. The only claim shown by the tenant f*375] is an authority under certain * resolves of the legislature, appointing him guardian over the Indians residing in *327 Bridgewater, or owning lands there. This authority does not vest any title in him to the land ; but merely empowers him to enter upon it, and to take the profits, and account for the disposition of them. If he can defend himself at all under these resolves, it must be by pleading non-tenure of the freehold, and setting forth the special interest which may entitle him to the possession against the demandant.† Or, ;f he would object to the right of the demandant to maintain an action in her own name, because of the guardianship, he should have pleaded this matter in abatement to the writ.
The plea of mil disseizin puts in issue the title,‡ and, if found for the tenant upon the evidence produced, would fix the title in him, although he has no pretence to be considered as owner of the land.
Whether the resolves produced by the tenant are constitutional or not need not, therefore, be considered ; it being apparent that they do not maintain the issue, which has been tried, in favor of the tenant.

Judgment according to the verdict.

 Roscoe, Real Act. 191.

 Vide Higby vs. Rice, 5 Mass. Rep. 344. — Kelleran vs. Brown, 4 Mass. Rep. 443. — Pray vs. Pierce, 7 Mass. Rep. 381. — Alden vs. Murdoch, 13 Mass. Rep. 259. — Stevens et ux. vs. Winship et ux., 1 Pick. 318. — Vide Roscoe, Real Act. 229.