The opinion of the Court was afterward drawn up by
Parker C. J.
The only question which relates to the merits of this case, is, whether the instruction of the judge was right in regard to the necessity of proving that the defendant, Thomas Burt, had notice of the bond of reconveyance, which was produced in evidence by the plaintiff, to show that his conveyance to Nehemiah Newhall was a mortgage and not an absolute conveyance.
By the evidence reported it appears that the bond was not intended to operate as a defeasance, and so to constitute a mortgage ; but that the transaction should stand as an absolute conveyance, with an obligation to reconvey, upon payment of the consideration money in three years. Still, if executed or delivered on the same day, they would, between the parties, in law and equity, operate as a conditional conveyance or mortgage ; but since the St. 1802, c. 33, whether the bond is intended as a defeasance or not, it is to have no such effect unless it is recorded at large in the registry of deeds, except against the parties to the transaction.[1]
' The trial proceeded on the ground, that notwithstanding the bond was not recorded before the attachment, yet if the attaching creditor knew that such a bond existed and amounted to a defeasance, his attachment should not prevail against the title of the mortgagee ; and though this point in relation to the effect of unregistered bonds with notice has not been precisely decided, by analogy to the judicial opinions on -the subject of unregistered deeds with notice, it is probable this ground was correctly assumed. At any rate, it was in favor of the plaintiff, and he had the full benefit of-the law. applicable to unregistered deeds.
The judge held that in order to prevail against the attachment, the jury must be satisfied that there was a bond executed on the same day, or that it was so executed and delivered as to be a part of the same transaction and constitute a mort *165 gage.[2] We think this direction right, because the mere existence of a bond to reconvey, did not of itself affect the title to the land. By the record, the title was in the judgment debtor ; the bond was in the pocket of the grantor ; it might, according to the terms of it, and the time and manner of its execution and delivery, operate as a mortgage between the parties, or it might be a mere personal contract, giving a right of action only for damages in case the condition should not be performed ; a contract wholly independent of the title to the land. The knowledge therefore that a bond was given by the grantee to the grantor, without any knowledge of its effect, or of the intention of the parties that it should be a mortgage, would be no proof of fraud in a subsequent purchaser or attaching creditor. Of consequence, the judgment must be according to the verdict.

 See Kelleran v. Brown, 4 Mass. R. 443; Rice v. Rice, 4 Pick. (2nd ed.) 353, note 1; Flagg v. Mann, 14 Pick. 467; Trull v. Skinner, 17 Pick. 213; 1 Hilliard's Abr. 267

 This exception is now extended to third persons, having actual notice oi the instrument of defeasance. Revised Stat. c. 59, § 27.