## FRENCH vs. STURDIVANT.

Whether, if the purchaser at a Sheriff's sale of a right in equity of redemption, refuse to receive the deed and complete the purchase, the bill in equity against him for specific performance may be brought by the judgment creditor alone;— quære.

If it may be so brought, the officer is a competent witness for the plaintiff.

The *Stat.* 1830, *ch.* 462, giving to this Court chancery jurisdiction in cases of fraud, trust, accident and mistake, has not enlarged its jurisdiction over mortgages.

*V* conveyed to *O* certain lands, and at the same time took from *O* a written promise, not under seal, to reconvey the same land to *V* upon the payment of certain monies by a certain day. Hereupon it was held that the written promise did not constitute a mortgage;—that the time of payment was material, and to be regarded as of the essence of the contract, even in equity;—and that after the day had elapsed, without payment, *V* had not an attachable interest in the premises, under any law of this State.

THIS was a bill in equity, in which the plaintiff stated that being a judgment creditor of one *Vining*, he placed the execution in the hands of *David Wescott*, a deputy sheriff, to be served and satisfied upon a right in equity of redemption of certain land and buildings, which had been attached upon the original writ; that the defendant attended the sheriff's sale and bid upon the property, which was stricken off to him as the highest bidder; that a record of the sale was made on the spot and signed by the officer, and a deed to the defendant was also made and executed at the same time by the officer, and by him tendered on the same day to the defendant, who refused to receive it and complete the purchase. The plaintiff therefore prayed for a decree for specific performance of the contract, and for general relief.

The defendant demurred to the bill; and pleaded in bar that its material allegations were false and that the plaintiff was not entitled to relief; and also answered, in substance, that he was a mere by-bidder at the sale, employed by the plaintiff; in whose behalf, and for whose benefit, and not his own, he bid for the land. He also

denied that *Vining* had any attachable right in equity, and prayed that the plaintiff might be holden to prove the same.

The plaintiff's testimony in proof of the bill and in direct contradiction to the answer, was derived chiefly from the deposition of *David Wescott*, the officer, whose competency was objected to; and of *William Willis*, Esq. his attorney, who directed the sale, and who stated that he was employed by the plaintiff to bid off the property for him, at a limited price; and that the only persons present at the sale were *Sturdivant, John Owen,* who bid a small sum, and himself, except that during a pause in the sale the plaintiff was sent for. It appeared from other proof that the plaintiff had employed the defendant to bid for him as high as fifty dollars and no more; that on the defendant's bidding fifty one dollars, the plaintiff was sent for; that as soon as he came and was informed of the state of the sale, and without any intercourse with the defendant, the plaintiff bid to the amount of his debt, and that the defendant immediately bid one dollar more, and it was stricken off to him.

The land was purchased by *Vining* of one *Ichabod Jordan, May* 26, 1827, and at the same time mortgaged back to him, to secure the purchase money. Afterwards, on the 19th day of *Feb.* 1828, *Vining* conveyed the premises by an absolute deed to *John Owen,* and took back a writing not under seal, signed by *Owen,* of the following tenor: "Whereas *Nathan Vining* of *Portland,* has this day made and executed to me a deed of his lot and buildings in said *Portland,* whereon said *Vining* now lives, and is the same he bought of *Ichabod Jordan* of *Saco, May* 26, 1827, and recorded book 108, page 381, for the consideration of one thousand dollars. Now, therefore, if the said *Vining* shall pay me or my heirs, &c. whatever sum or sums I shall properly and lawfully pay any person or persons for and on account of said real estate, and such sum also as said *Vining* now owes or may owe me at any time during the time that said contract shall run, that is, to the first day of *March, A. D.* 1829; and whenever said *Vining,* his heirs, &c. shall pay or cause to be paid as aforesaid, within the time aforesaid, I promise to redeed the same property to him, his heirs, &c. in as good and ample a manner as I have received the same of him, except war

ranting the title generally. And I also promise said *Vining* that I will not buy up any demand against him to bring into this contract which does not lawfully belong thereto, touching said real estate." The mortgage money due to *Jordan* was not wholly paid at the time of the sheriff's sale ; nor was *Owen* reimbursed for the monies which he had advanced under the contract.

*Greenleaf*, for the plaintiff, argued that the bill was properly brought in the name of *French*. The general rule in equity is, that all persons materially interested in the subject matter, and necessarily affected by the decree, should be made parties. *Wendell v. Van Rensselaer*, 1 *Johns. Chan.* 349 ; *Wiser v. Blaclhey*, *ib.* 437 ; *Hallett v. Hallett*, 2 *Paige*, 18. But *Wescott* is neither. No person's interests are involved in this suit, except those of the plaintiff and defendant on the record. If the officer was at all concerned, it was as trustee. But in a bill by *cestuy que trust*, the trustee is not necessarily a party ; 1 *Mad. Chan.* 176 ; and is never to be made such, after the trust has been executed. *Swan v. Ligan*, 1 *Mc Cord*, 227 ; *Cleaves v. Foss*, 4 *Greenl.* 1. Any person, for whose benefit an agreement is made, though not in terms a party to the agreement, may have a bill in chancery for its specific performance. *Crocker v. Higgins*, 7 *Conn.* 342.

As to the mortgage, wherever it appears, from written evidence, that land is conveyed as a pledge to secure the payment of money, chancery will treat the conveyance as a mortgage, in whatever form the land is pledged. *Kelleran v. Brown*, 4 *Mass.* 443 ; *Hughes v. Edwards*, 9 *Wheat.* 489 ; *Thompson v. Daveport*, 1 *Wash.* 125 ; *James v. Johnson*, 6 *Johns. Chan.* 417. And this Court has now, by *Stat.* 1830, *ch.* 462, all the powers of a Court of chancery, in such cases. *Owen*, in the present case, admitted *Vining's* right to redeem, by bidding at the sale ; by which he is now estopped. But if not, yet, at the time of the attachment, *Vining* had a remedy on the contract, against *Owen*, under *Stat.* 1821, *ch.* 50, which would be in effect the same as on mortgage, and would be treated as such in equity. *Stat.* 1829, *ch.* 431.

*Daveis,* for the defendant, to the point that *Vining* had no equity of redemption in the property, cited *Newland on Contr.* 227, *ch.* 12; 1 *Mad. Chan.* 430, 435, 441; *Wilde v. Fort,* 4 *Taunt.* 334; 3 *Stark. Ev.* 1617; *Kelleran v. Brown,* 4 *Mass.* 443. And he argued that the sale was void because a puffer was employed by the plaintiff. *Dixwell v. Christie, Cowp.* 395; *Howard v. Castle,* 6 *D. & E.* 642; 1 *Mad. Chan.* 325; *Doolin v. Ward,* 6 *Johns.* 194; *Moncrief v. Goldsborough,* 4 *Har. & McKen.* 281.

WESTON J. delivered the opinion of the Court at the ensuing *May* term in *Kennebec.*

The first objection, taken by the counsel for the defendant, is to the testimony of *David Wescott,* the officer, as incompetent on the ground of interest. This interest, if any exists, must arise from his liability to the plaintiff, by reason of failure of duty on his part. He does not appear to have been guilty of any official negligence, unless it was his duty to have brought this bill in equity, of which the plaintiff has certainly no right to complain, having elected to bring it himself, if otherwise he might have sustained an action against him. A second objection is, that the defendant, if liable at all, is liable to the officer, and not to the plaintiff, between whom and himself, there is no privity of contract, either at law or in equity. The answer to this is, that the officer is the trustee, acting for and in behalf of the plaintiff, the *cestui que trust :* and that the latter, as the party beneficially interested, may sue in equity; and in support of this position, respectable authorities have been cited. To this, it is replied, that the relation between trustee and *cestui que trust,* so well known in chancery, and which is the foundation of the rule relied upon by the plaintiff, does not result from official duties, such as the law imposes upon the officer. But as we determine the cause upon other grounds, it is not necessary to come to a decision upon this point.

It is further insisted, that chancery will not sustain a bill for specific performance, unless it relates to real estate; but as it is founded

32

upon the purchase and sale of real estate, this objection is not sufficient to defeat the plaintiff's suit.

A more important ground taken by the defendant is, that there was nothing in *Vining*, the judgment debtor of the plaintiff, which could by law be attached, or seised and sold on execution. First, because if the conveyance by *Vining* to *Owen* was a mortgage, the land being subject to a prior mortgage to *Jordan*, there remained only in *Vining* a right to redeem an equity, which it is contended is not liable to attachment, or to seisure on execution. It has been held that where an equity has been seised and sold on execution, the right which the debtor has to redeem such property, is not liable to further attachment. But if the debtor mortgage this right, it has been decided, that the equity still remaining in him is attachable. *Reed v. Bigelow*, 5 *Pick.* 281. There may seem to be great refinement in this distinction ; but it results from the language of the statute. Whenever real estate is conveyed in mortgage, an equity of redemption remains in the debtor, which the statute has subjected to attachment ; and however frequently this right is successively mortgaged, the remaining equity is by law made liable to be attached by creditors.

It is, secondly, urged, that the conveyance from *Vining* to *Owen* was absolute, and that the latter did not hold in mortgage. On the day that the deed was executed, *Owen* undertook by a written instrument, not under seal, to reconvey to *Vining*, upon the payment of certain sums, within a limited period. In England, according to the law and practice of the court of chancery, this constitutes a mortgage. But in this state and in Massachusetts, it has been held that to constitute a mortgage, the condition must be part of the deed, or that there must be a defeasance, which is an instrument of as high a nature, and executed at the same time. Upon such only has relief been afforded in equity, under our statute. This may well be regarded as a modification of the English law, as applied in chancery, if it ever obtained in this country. And no other equities, except such as may be enforced under our statute respecting mortgages and the right in equity of redemption, have heretofore been recognized by our law.

This view of the law was taken in *Kelleran v. Brown*, 4 *Mass.* 443. It is true Chief Justice *Parsons* in that case admits the chancery doctrine, but says that it cannot be applied here, by reason of the limited equity jurisdiction of the court. He intimates that it would be otherwise, if the court held all the equity powers of a court of chancery. What might result from the hypothesis assumed, was not the question before the court. If the legislature thought proper to invest this or any other court with the general powers of a court of chancery, such powers must be administered according to existing laws. To these the principles and practice of such courts, however extensively adopted, must be accommodated. And whenever equities and trusts, or other subjects of chancery jurisdiction, may have been modified by our laws, either directly or by necessary implication, chancery is restrained and limited by such modification. But giving the fullest effect to the *dictum* of the learned Chief Justice, we are not satisfied that the law of mortgage has been changed, or that what was before held not to be a mortgage, becomes such in the view of this court, by reason of the additional chancery powers, with which it has been invested, since the decision in *Kelleran v. Brown*. These powers, though much extended, are still not general, but limited. No further powers, in relation to equities of redemption, have been given. Those previously granted, were deemed adequate to the enforcement and protection of this species of property. As the public exigencies have, in the opinion of the legislature, called for other specified and enumerated powers, appertaining to this jurisdiction, they have been granted ; and have been accordingly extended to cases, where a specific performance of contracts in writing is claimed ; and to cases of fraud, trust, accident or mistake. It is not pretended that this is a case falling within either of the four latter sources of jurisdiction.

The plaintiff's rights, whatever they may be, depend upon a contract in writing. But giving effect to this contract, could not avail the plaintiff. Where time is not of the essence of the contract, it is sometimes disregarded by a court of equity. But here it was of the essence of the contract. It was the condition, upon which the engagement of *Owen* to reconvey, was distinctly made to depend.

Had this constituted a mortgage, according to our law, the mortgagor would have had three years more, after entry or holding for foreclosure, beyond the time limited; but this neither results from the contract, nor could it have been intended by the parties. As the instrument is not a mortgage, the parties to it, and such as come in under them, must be restricted to the time therein stipulated. If that period had not expired at the time of the seisure and sale, upon which the plaintiff founds his bill, it was an attachable interest under the additional act, respecting the attachment of property. *Stat.* 1829, *ch.* 431. But the time limited having expired at that time, there was nothing upon which the execution could operate.

The defendant relies upon other points, which it is unnecessary to notice. Being of opinion, from the facts disclosed in the bill, answer and proof, that no attachable interest of the judgment debtor was seised and sold to the defendant, upon the plaintiff's execution, the bill is dismissed; but under the circumstances of the case, we do not award costs to the defendant.