## The MECHANICS BANK, in Newburyport, *versus* JOSEPH WILLIAMS.

Where an execution was extended on land under mortgage by a creditor of the mortgager, and the appraisers certified, that they appraised *the estate* at a certain sum, and it was set off at the like sum, it was *held*, that, as it was to be inferred that no deduction was made by the appraisers on account of the mortgage, the extent was valid.

The extent of an execution on land as being owned by the debtor in fee, when in fact he is only tenant by the curtesy initiate, will vest in the creditor a freehold for the life of the debtor.

The tenant in a writ of entry cannot, under *the general issue*, give *in evidence the* title of a third person, and claim to hold as his servant.

THIS was a writ of entry in which the demandants counted on their own seisin. The tenant pleaded *nul disseisin*.

The trial was before *Morton* J.

On November 26, 1828, the tenant who was the original proprietor of the demanded premises, conveyed them to Lucy Mills, in fee ; and by a deed of the same date Lucy Mills reconveyed them to Lydia P. Williams, wife of the tenant. On July 14, 1831, the tenant joined his wife in executing a mortgage deed of the premises to Lucy Mills.

On January 20, 1832, the demandants having recovered a judgment against the tenant and his brother, caused the execution issued thereon to be extended on the demanded premises. In the return of the execution, the appraisers certified that they entered upon, viewed and appraised *the estate*, at a certain sum ; and it was set off accordingly at the like sum, in satisfaction of the execution. Under this extent the demandants claimed.

The tenant contended, that the extent vested nothing in the demandants, on account of the mortgage. But it was ruled, that the extent vested in the demandants whatever interest was in the tenant at the time of the extent.

The tenant then offered to prove, that in July 1832, he entered upon the premises, as the servant, and in the right of the mortgagee, Lucy Mills, who entered with him ; and that he held under her. The judge ruled, that this evidence was inadmissible under the plea of *nul disseisin*.

The tenant was defaulted. If the ruling was right, the default was to stand ; otherwise a new trial was to be granted.

*Saltonstall*, *Choate* and *Gerrish*, for the tenant, to the point, that the evidence which was rejected, was admissible under the plea of *nul disseisin*, cited Jackson on Real actions, 157 ; and to the point, that the entry under the mortgage divested the seisin acquired by the demandants, and so that they were not disseised by the tenant, *Warren* v. *Childs*, 11 Mass. R. 222 ; *Groton* v. *Boxborough*, 6 Mass. R. 53 ; *Willington* v. *Gale*, 7 Mass. R. 138 ; *Hatch* v. *Dwight*, 17 Mass. R. 299 ; *Bolton* v. *Ballard*, 13 Mass. R. 229 ; *Wilder* v. *Houghton*, 1 Pick. 89.

*Cushing* and *Marston*, for the demandants, cited to the point, that the extent of the execution was valid, as it was to be inferred from the circumstances of this case, that no deduction was made by the appraisers on account of the mortgage, *White* v. *Bond*, 16 Mass. R. 400 ; that the extent vested the freehold estate of the tenant in the demandants, *Roberts* v. *Whiting*, 16 Mass. R. 190 ; that the tenant, by pleading *nul disseisin*, instead of special *non-tenure* admitted that he was tenant of the freehold, and so that the evidence offered by him was inadmissible, *Wolcot* v. *Knight*, 6 Mass. R. 418 *Pray*

Mecnanics
Bank
*v.*
Williams.

*Nov 3d*

v. *Peirce*, 7 Mass. R. 380 ; *Higbee* v. *Rice*, 5 Mass. R. 352 , *Dunbar* v. *Mitchell*, 12 Mass. R. 373 ; Stearns on Real Actions, 231, 232, 233 ; Jackson on Real Actions, 91 ; *Green* v. *Liter*, 8 Cranch, 243.

SHAW C. J. delivered the opinion of the Court. The first question made in this case is, whether the plaintiffs obtained a valid title, by the levy of their execution on tne estate, it being at the time under mortgage to Mrs. Mills. It is supposed, that this case differs from that of *White* v. *Bond*, 16 Mass. R. 400, in this respect, that in that case it did appear as a fact found, that the appraisers did not make a deduction from the appraised value of the estate, on account of the existence of a mortgage, and in this case it does not appear, that they did not. But we think that this is satisfactorily settled by the appraisement and return of the execution. The appraisers certify, that they entered upon, viewed and appraised *the estate* at a certain sum, and it is set off accordingly, at the like sum, in satisfaction of the execution. The inference is very strong, that no such deduction was made. The case then comes precisely within the principle of the case above cited, in which it was held, that a mortgaged estate might be levied upon and set off by metes and bounds, if the creditor is content to take it, subject to the incumbrance. And we think that decision is supported by sound principles. As against all the world but the mortgagee, the equity of redemption is an estate, subject only to an incumbrance or lien, and may be conveyed by any of the modes of alienation, subject only to the incumbrance. The incumbrance may be small, and the creditor may choose to disregard it ; or he may have reason to believe that the mortgagee intends to look to other security ; he may prefer an estate in freehold to himself, to an auction title from an officer, even at the expense of discharging the incumbrance, or he may intend to contest the validity or the amount of the mortgage. In any case, there seems no reason, why the creditor may not take such an estate, if no deduction is made on account of the mortgage, because the existence of such mortgage does not prevent the estate from passing by purchase, or by act of law, subject to the lien. The other mode, that of a sale of the equity, is intended for his benefit, to enable him to

have the value of the equity, without subjecting himself to the charge of the incumbrance ; but it is a benefit which he may waive.

It does not distinctly appear in the report, that at the time of the levy, the defendant was tenant by the curtesy inchoate, although the argument on both sides has proceeded upon that assumption.    Supposing it to have been so, then by the levy the plaintiffs took a freehold for the life of the tenant.   *Roberts* v. *Whiting*, 16 Mass. R. 190.    But it is immaterial, in this action, because this issue involves only the question of title and freehold, and the right of entry as between these parties ; and it being clear, that the levy is sufficient to divest the freehold of the tenant if he had one, and to vest it in the demandants, whatever question any other party could make, the present tenant cannot contest the demandant's right of entry as against him, and this is all that is necessary to the maintenance of the present action.

The last question turns upon the exclusion of the evidence offered, of the title of the prior mortgagee, her entry under it, and the entry of the tenant as her servant.

The Court are all of opinion, that this evidence was not admissible, under a plea of *nul disseisin*, and if the tenant would rely upon that defence, he must do it by a plea of special non-tenure.

Upon this point we think the authorities are clear and uniform.    *Kelleran* v. *Brown*, 4 Mass. R. 443 ;   *Wolcot* v. *Knight*, 6 Mass. R. 418.

*Judgment for the demandants.*