JOHN A. WARREN & al. *versus* HENRY LOVIS.

By R. S., c. 90, § 1, a conveyance appearing on its face to be absolute, with a separate instrument of defeasance, executed at the same time or as a part of the same transaction, constitutes a mortgage.

The deed and instrument of defeasance must pass between the same parties.

And the instrument of defeasance must be of as high a nature as the deed thereby to be defeated.

ON EXCEPTIONS from *Nisi Prius*, WALTON, J., presiding. EJECTMENT.

The action was defaulted and thereupon the defendant moved that judgment be entered up as of mortgage, which was resisted by the plaintiffs. The presiding Judge refused to grant the motion and the defendant excepted.

The deed from Holt to the plaintiffs contained the following reservations:—

" Giving and reserving to Henry Lovis the right of redeeming said described premises, at any time within six months from the date of these presents, by paying to the said Warren and Rice, or their heirs or assigns or administrators, the sum of eight hundred and fifty dollars, and interest from the 28th day of Nov., 1864, and all taxes, insurance, bills and costs of deeding from them to the said Lovis, agreeable to the provisions of the bond from said Warren and Rice to said Lovis this day made."

*H. H. Smith*, for the defendant.

1. Plaintiff had notice of equities between the parties. R. S., c. 73, § 12.

2. Deeds should be so construed as to secure to all parties interested their full rights. *Sanborn* v. *Woodman*, 5 Cush., 36; *Stone* v. *Ellis*, 9 Cush., 95; Washburn on Real Property, vol. 1, p. 478; Adams' Eq., 291, 292, and note 2, and c. c.

3. Holt's deed, expressly " reserving" to the tenant Lovis the right of redeeming, &c., with a covenant of warranty,

agreeable to the provisions of the " bond," should be construed as conveying to the plaintiffs the estate of a mortgagee. R. S. c. 90, §§ 4 and 6 ; Adams' Eq., *supra.*

*D. R. Hastings and C. R. Ayer*, for the plaintiffs.

APPLETON, C. J., — On the 3d. Dec., 1864, one Charles E. Holt deeded the premises in controversy to the plaintiffs, who, on the same day, gave the defendant an agreement not under seal to convey said premises to him upon his performance of the conditions therein stated. The deed from Holt to the plaintiffs refers to this agreement and reserves to the tenant his rights under it.

By R. S., 1857, c. 90, § 1, "a conveyance appearing on its face to be absolute, with a separate instrument of defeasance, executed at the same time and as a part of the same transaction," constitute a mortgage.

The deed and bond of defeasance must be between the same parties. *Flagg* v. *Mann*, 14 Pick., 480 ; *Shaw* v. *Erskine*, 43 Maine, 371. A bond given at the time of the conveyance from the grantee to the grantor and another, conditioned to convey to them, on receiving certain payments therein specified, is not such a defeasance as will constitute a mortgage. *Treat* v. *Strickland*, 23 Maine, 234.

The instrument of defeasance must be of as high a nature as the deed thereby to be defeated. To constitute a mortgage the obligation to reconvey must be under seal. *Jewett* v. *Bailey*, 5 Greenl., 87 ; *French* v. *Sturdivant*, 8 Greenl., 246. A written agreement to reconvey not under seal, though made at the same time with the deed, does not constitute a mortgage. *Kelleran* v. *Brown*, 4 Mass., 443.

The defendant does not appear to have ever been the owner of the land in dispute. He was never mortgager. He had a right to a deed upon the performance of the conditions set forth in the plaintiffs' agreement with him. He has neglected to comply with those conditions and he does not attempt to show any excuse for his failure.

Whatever may be the equitable rights of the defendant

he fails to show a legal mortgage, and is not entitled to have a conditional judgment entered. *Eaton* v. *Green*, 22 Pick., 527.                                        *Exceptions overruled.*

CUTTING, WALTON, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.