CONSTANTINE KERLEY *vs.* JOHN KERLEY.

An estate of homestead, under the statutes of this commonwealth, is an estate of freehold.
One who is in possession of real estate in which he has an estate of homestead cannot maintain a writ of entry for the same against one who only claims to hold the estate in reversion or remainder, after the demandant's death.

WRIT OF ENTRY setting forth a seisin in fee by the demandant. Plea *nul disseisin,* with specifications of defence that the tenant was not tenant of the premises as of freehold; that the demandant was entitled to an estate of homestead in the premises; and that the tenant claimed only a reversionary interest therein, and was not in the occupation and had no right to the present possession thereof.

At the trial in the superior court, before *Brigham,* J., after proof of a deed of the premises to the demandant, the tenant put in evidence a deed thereof from the demandant to himself, not signed by the demandant's wife, dated and recorded April 9th 1860, with a condition for him to support the demandant during the demandant's natural life. The demandant was conceded to be entitled to an estate of homestead in the premises; and he offered to prove that the deed from himself to the tenant was obtained by fraud. But the judge excluded the evidence, and ruled that the action could not be maintained. The jury accordingly returned a verdict for the tenant, and the demandant alleged exceptions.

*J. Brown,* ( *C. A. Reed* with him,) for the demandant.

*H. J. Fuller,* for the tenant.

HOAR, J. A writ of entry can only be maintained against the tenant of the freehold. Stearns on Real Actions, 89. Jackson on Real Actions, 22, 90. *Higbee* v. *Rice,* 5 Mass. 344. *Bacon* v. *Callender,* 6 Mass. 303. It is an action to recover a freehold · and "the tenant must, therefore, have the freehold, either by right or by wrong ; for the freehold cannot be lawfully demanded, but against him who has a freehold." Non-tenure is a good bar to the action, and is expressly recognized as such by our statutes

which regulate real actions. Gen. Sts. *c.* 134, § 12. Where the tenant pleads non-tenure in abatement, or gives it in evidence, as he may do, unc—r the general issue of *nul disseisin,* the demandant must show a wrongful possession or ouster by the tenant, or the defence will prevail.

· In this case the tenant pleaded *nul disseisin,* with a specification of non-tenure. Upon the trial it appeared that the demandant was and had been in the undisturbed possession of the demanded premises; that the deed under which the tenant claimed did not convey the demandant's right of homestead; and that the tenant asserted no title except to the reversion after the expiration of the estate of homestead.

The only question, therefore, which arises is, whether the tenant, notwithstanding the intervening estate of homestead, had a freehold which he could render to the demandant. The right of homestead is a new species of estate, created by statute, and not known to the common law. But it seems to have all the incidents of a freehold estate, and to come within the definition given by elementary writers. 2 Bl. Com. 103, 104. It is an estate indeterminate in its duration, and which may continue for the joint lives of the possessor and his wife. That it is defeasible does not change the quantity of estate while it continues. *Silloway* v. *Brown,* 12 Allen, 30.

It was expressly decided in *Martin* v. *Graves,* 5 Allen, 601, that where a defendant was not in possession, and only claimed a reversionary interest, a real action could not be maintained against him, and that the remedy of a party who sought to set aside a deed as fraudulent was in equity, because he could have no remedy at law. That case seems to have a direct application to the case at bar.

The cases cited by the tenant, in which it has been said that a writ of entry is a sufficient remedy to try the title, although the tenant is not in possession, will all be found on examination to be cases in which the title claimed by the tenant was a present freehold, and not a mere reversion. In a case of that description the tenant must plead *nul disseisin,* and show a better title than the demandant, if he would hold his estate. If he

were to plead non-tenure, and should have judgment on the plea it would give the freehold to the demandant.

*Exceptions overruled.*