HORACE BILLINGS *versus* RUFUS GIBBS.

In the trial of a real action between tenants in common, the defendant, under the general issue alone pleaded, cannot give in evidence that he "had never ousted the plaintiff of his portion of the demanded premises, nor in any way hindered his taking possession, but had only been in possession of the same as tenant in common with the demandant."

ON REPORT.

WRIT OF ENTRY by one tenant in common, owning three-fourths undivided of the premises described in the writ, against his co-tenant, owning the remaining fourth.

Plea, general issue.

The defendant offered to prove that he had never ousted the plaintiff of his portion of the demanded premises, nor in any way hindered his taking possession, but had only been in possession of the same as tenant in common with the plaintiff. Plaintiff objected to the admission of the testimony offered, and thereupon the case was continued on report, with the agreement that, if the full Court should be of the opinion that such evidence is admissible under the pleadings, the action to stand for trial; otherwise judgment to be rendered on default for the plaintiff.

*N. S. & F. J. Littlefield*, for the plaintiff, cited R. S., c. 104, §§ 1 to 10; *Put. F. School* v. *Fisher*, 38 Maine, 324; *Wyman* v. *Brown*, 50 Maine, 139; *Colburn* v. *Gro-*

*ver*, 44 Maine, 47 ; *Blake* v. *Dennett*, 49 Maine, 102 ; *Small* v. *Clifford*, 38 Maine, 213, not adverse. ∕

*S. C. Strout, Gage*, and *S. M. Harmon*, for the defendant.

One tenant cannot maintain writ of entry against his co-tenant unless he has been actually ousted. *Knox* v. *Silloway*, 10 Maine, 211; *Colburn* v. *Mason*, 25 Maine, 435.

Chapter 104, R. S., does not apply to tenants in common. See R. S., 1840, c. 145, § 9. The intention of the Legislature was, that no man not in possession nor claiming any title in the premises should be compelled to litigate the title of the demandant under a constructive disseizin for the purpose of settling demandant's right. But, if defendant was tenant in common with the plaintiff, and in possession, and had never ousted his co-tenant, he could not defend against the action under this section, because a tenant in common, in the enjoyment of his legal rights, must necessarily be in possession of the whole. *Knox* v. *Silloway, ubi supra.*

In revision of 1857, the statute of 1840, c. 145, § 9, and stat. of 1846, c. 221, providing non-tenure to be pleaded in abatement, are blended in c. 104, § 6, and is only applicable when the demandant claims the entire estate, and defendant-claims and is in possession of no part of it. Under it the tenant " may show that he was not in possession," and disclaim any right or interest, &c.

Possession by the defendant is no evidence of ouster by him. *Small* v. *Clifford*, 38 Maine, 213.

APPLETON, C. J. — By R. S. 1857, c. 104, § 6. "Every person alleged to be in possession of the premises demanded in such writ, claiming any freehold therein, may be considered a disseizor for the purpose of trying the right ; but the defendant may plead in abatement, and *not in bar*, that he is not tenant of the freehold, or by a brief statement under the general issue, *filed within the time allowed for pleas in abatement*, unless by leave of Court, the time therefor is enlarged ; and he may show that he was not in posses-

sion of the premises when the action was commenced and disclaim any right, title and interest therein, and proof of such fact shall defeat the action," &c.

The demandant and tenant are tenants in common of the demanded premises, the demandant owning three-fourths and the tenant one-fourth of the same. The writ as amended is for the demandant's three-fourths.

The tenant pleaded the general issue, *nul disseizin.* This plea admits the tenant to be in possession of the demanded premises. *Colburn* v. *Grover,* 44 Maine, 47. After *nul disseizin* pleaded in a writ of entry by a tenant in common, proof of actual ouster is unnecessary. *Stevens* v. *Winship,* 1 Pick., 317. If the tenant "does not disclaim," remarks PARSONS, C. J., in *Higbee* v. *Rice,* 5 Mass., 344, "or plead non-tenure, he admits himself tenant of the freehold by the plea of *nul disseizin.* In this writ the demandants demand of the tenants seizin of two-eighths. If he admitted the demandants' title he might have pleaded that he did not hold the two-eighths demanded against him, and this he might well plead, although he claimed to be seized of the remaining six-eighths, as tenant in common with the demandants. On this plea of non-tenure, he might have compelled the demandants to prove an ouster, to entitle them to recover. But non-tenure cannot be given in evidence under the general issue in this action," The form of a plea in such case is given in Stearns on Real Actions, Appendix, No. 48.

The tenant did not plead non-tenure in abatement nor file a brief statement setting forth the fact of non-tenure "within the time allowed for pleas in abatement." He asked for no enlargement of time within which to file such brief statement. The language of the statute is peremptory and applies equally to all tenants of the freehold whether holding in severalty or in common. The demandant claims three-fourths of the premises described in his writ. If the tenant did not claim to hold these premises, he should have so said by his plea or brief statement and in due season, and then the cause would have terminated. It is just as easy to dis-

claim any right, title and interest in the demanded premises when the demandant claims a fraction as when he claims the whole of an estate.

By the provisions of the statute, as well as by the reported decisions of this Court, the proof offered was inadmissible under the pleadings. *Wyman* v. *Brown*, 50 Maine, 139; *Putnam Free School* v. *Fisher*, 38 Maine, 324; *Colburn* v. *Grover*, 44 Maine, 47.

In *Small* v. *Clifford*, 38 Maine, 213, it does not appear that the brief statement was not seasonably filed. The counsel did not take that objection. The Court might well assume it duly filed, if the point was not raised.

*Tenant defaulted. — Judgment for demandant.*

CUTTING, KENT, WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.