OLIVER K. COOK *vs.* CHARLES H. JOHNSON.
SAME *vs.* ANNETTE J. JOHNSON.

Worcester. September 30, October 1, 1895. — February 26, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Promissory Notes — Deed with Written Agreement of Grantee regarded as Mortgage — Evidence that Consideration of Deed was Extinguishment of Liability on Notes.*

At the trial of an action upon three promissory notes, it was assumed in favor of the plaintiff's contention that certain deeds given by the defendant to the plaintiff on the day on which the last of the three notes was executed, and a written agreement given by the plaintiff to the defendant to the effect that, if the plaintiff sold the property for more than enough to pay him, he would pay over the balance to the defendant, constituted a mortgage. *Held,* that it was competent for the defendant to show that the consideration of the deeds was the extinguishment of his personal liability on the notes.

THE first case was an action of contract, on three promissory notes, the first dated April 1, 1886, for eight hundred dollars,

and signed by the defendant and his wife, Annette J. Johnson; the second dated April 1, 1889, for three hundred dollars, and the third dated April 13, 1889, for seventy dollars, the last two being signed by the defendant alone. All the notes were made payable to the order of the plaintiff. The second case was an action of contract on the first note above named. At the trial in the Superior Court, before *Aldrich*, J., the jury returned a verdict for the defendants, and the plaintiff alleged exceptions, which, the parties agreeing that they were conformable to the truth, were allowed by *Hopkins*, J. The facts appear in the opinion.

The case was argued at the bar in September and October, 1895, and afterwards was submitted on the briefs to all the judges.

*H. L. Parker, Jr.*, (*H. L. Parker* with him,) for the plaintiff.
*W. A. Gile*, for the defendants.

MORTON, J. The defendants are husband and wife, and were jointly and severally liable to the plaintiff on a note for eight hundred dollars, dated April 1, 1886. The husband was also indebted to him for three hundred dollars for " rent of farm," and seventy dollars for " hay, etc." A note bearing date April 1, 1889, was given by the husband to the plaintiff for the rent. On the 13th of the same April, the defendants conveyed to the plaintiff certain real estate by absolute deeds, and at the same time the husband gave to the plaintiff a note for the " hay, etc.," and the plaintiff gave back to the wife a written agreement, not under seal, in which he agreed, according to the testimony of the defendants, that, if he sold the property for more than enough to pay him, he would pay over the balance to her. They also testified that the deeds were given in payment of the notes. The testimony on behalf of the plaintiff tended to show that the deeds, though absolute in form, were given as collateral security for the notes, and that the agreement so stated, and were not payments.

We assume in favor of the plaintiff that the deeds and agreement constituted a mortgage, as he contended and as the court instructed the jury, though it may be doubtful if they did at law. *Kelleran* v. *Brown*, 4 Mass. 443. *Flint* v. *Sheldon*, 13 Mass. 443. *Bodwell* v. *Webster*, 13 Pick. 411. *Flagg* v. *Mann*, 14

Pick. 467. *Eaton* v. *Green*, 22 Pick. 526. *Clarke* v. *Sibley*, 13 Met. 210. *French* v. *Sturdivant*, 8 Greenl. 246. *Wilson* v. *Parshall*, 129 N. Y. 223. *Rogers* v. *Beach*, 115 Ind. 413. In equity it is clear that they would constitute a mortgage, and it is possible that the equitable rule should prevail. *Kelleran* v. *Brown*, and *Eaton* v. *Green*, *ubi supra*. *Campbell* v. *Dearborn*, 109 Mass. 130. *Pond* v. *Eddy*, 113 Mass. 149. *Hassam* v. *Barrett*, 115 Mass. 256. *Cullen* v. *Carey*, 146 Mass. 50. However that may be, the plaintiff cannot complain, if he were disposed to, since the court took his view of the transaction and regarded it as a mortgage. But it is well settled that there may be a mortgage without personal liability on the part of the mortgagor for the debt which the mortgage secures. *Rice* v. *Rice*, 4 Pick. 349. *Campbell* v. *Dearborn*, *ubi supra*. *Mills* v. *Darling*, 43 Maine, 565. *Glover* v. *Payn*, 19 Wend. 518. Washb. Real. Prop. (5th ed.) 481, 482. The mortgagee may agree to look to the land for payment, and may remain liable to account to the mortgagor for any surplus which he receives over and above his debt, and the estate conveyed may continue subject to redemption, although the mortgagor is under no personal liability to the mortgagee. This want of mutuality is not destructive of the character of the transaction as a mortgage. Washb. Real Prop., *ubi supra*. The fact that the transaction constituted a mortgage was not therefore inconsistent with the extinguishment of personal liability on the part of the defendants. It was a question of fact for the jury, whether the deeds were taken in payment, as the defendants insisted they were; or whether the defendants remained liable on the notes, and the deeds were taken as collateral security, as the plaintiff contended was the case. This was the question which, as we understand the instructions, the presiding justice submitted to the jury, and on which they found in favor of the defendants.

The plaintiff contends, in substance, that this finding may have been based upon evidence which the jury were improperly allowed to consider. His contention is that the notes, agreement, and deeds constituted one transaction, and that the parties could not add to or vary by parol the effect of the contract thus entered into. He further contends that the evidence as to payment tended to vary or add to the contract. But it is

to be observed that neither the eight hundred dollar note nor the three hundred dollar note was given as a part of the final transaction. The former had been given more than three years before, and the latter about a fortnight. The seventy dollar note was the only one that was given at the time of the final transaction, and there was competent evidence on which the jury might have found that that was given merely to fix the amount due for " hay, etc." The notes not being a part then of the final transaction, the question remained what was the consideration of the mortgage which the court ruled the written agreement and deeds constituted. And we think it is clear that it was competent for the defendants to show that it was the extinguishment of personal liability on their part on the notes previously given, and on the seventy dollar note. And for the purpose of showing that, they were entitled to put in evidence of the circumstances surrounding the entire transaction, preliminary as well as final, including combinations between them and the plaintiff. This testimony seems indeed to have gone in without any objection on the part of the plaintiff. It may be said also that there was nothing in the evidence regarding payment that tended to vary or contradict anything contained in the deeds or agreement.          *Exceptions overruled.*