Per Curiam.

Several questions arise on the exceptions allowed by the judge in this cause.
The first is, that Hovey, not having recovered his title-deed until after the deed from the collector to Ciarle, the record was not evidence of Hovey's seisin under that deed until it was so recorded.
But we are of a different opinion. The deed of Rogers' to Cowell, and of Cowell to Hovey, related back to the time of their execution, and shall be evidence of a seisin from that time against all persons, except a subsequent purchaser from Rogers to Cowell without notice.
[ * 383 ] * Another exception is, that, at the time when Hovey conveyed to Pray, the demandant, Hovey was disseised by Ciarle, under whom the tenant claims.
This objection must depend upon the facts which are in the case. From Hardison's testimony, it is in evidence that he had the care of the land of Hovey, until he understood that Hovey had made a conveyance of it to the demandant. To control this testimony, the tenant has produced to us testimony that Ciarle, previous to the conveyance from Hovey to the demandant, had, under color of the collector’s conveyance to him, fenced the land and depastured his *321 cows upon it.f But there was no evidence that Hovey had any notice of these acts of Clark. Unquestionably, had Clark had a good title, and had he, under that title, done those acts, it would have been good evidence of a legal seisin in him. But as nothing passed by the collector’s deed to him, those acts of his must be deemed to be trespasses. But they cannot amount to an ouster of Hovey, until evidence that Hovey had notice of them. Otherwise a private act of trespass on the soil of another might be evidence of an ouster, without any knowledge on the part of the "owner of the land. This notice may be proved either by direct evidence of the fact; or the jury may presume it from circumstances in evidence; as when it is proved that the owner’s cattle have been turned off the land, or his servants refused an entry, &c.; or a continuance of the trespass for a long time is shown, when the owner or his agent lives in the neighborhood. But, whatever may be the evidence of this notice, it is a fact to be found by the jury, and the Court cannot presume it. And as, in the case before us, this notice is not stated as a fact proved, Hovey must be considered as seised at the time of his conveyance to the demandant; and so this objection fails.
* The third objection is to the direction of the judge, [ * 384 ] .who refused evidence from the tenant in the action, that he was tenant at will to Clark.
But we think the judge acted rightly in this refusal; because, by the writ, the demandant had alleged the tenant to have" the freehold, and he, by pleading the general issue, has admitted the truth of the allegation. The evidence offered was therefore repugnant to his plea, and ought not to have been admitted, (a)
The last objection is founded on the nature of the conveyance from Hovey to the demandant, it being a release, and there being no evidence that the demandant was in possession at the time of its execution.
It is true that the estate could not pass to the demandant by way of release. But the deed purports to be a conveyance of land, for a valuable consideration; and it is the duty of the Court so to construe it as to give effect to the lawful intent of the parties, and not to defeat it. Upon this principle, a deed of lease and release has been holden to be a covenant to stand seised to uses, where the consideration was a good one. (1) So a bargain and sale from a parent to a child, to take effect after the death of a parent, has like *322 wise been holden to be a covenant to stand seised to the use of the parent for life, with a vested remainder to the child in fee; (2) because, as a bargain and sale, it would have been a conveyance of a freehold in futuro, and therefore void.
Upon these principles, the conveyance under consideration must be construed to be a bargain and sale, or other lawful conveyance, by which the. estate might pass ; the recording of the deed being by law equivalent to an actual livery and seisin. (b)
' Let judgment he entered, on the verdict.

fi) [How could the general issue, denying the disseisin, be construed into an admission of the allegation in the writ, that he did disseise, and thereby gain e fee ? The position seems really absurd. — Ed.]

fl) 2 Wils. 75, Doe vs. Tranmer & Al.

 4 Mass. Rep. 135, Wallis vs. Wallis.

 [Russell vs. Coffin, 8 Pick. 193. But this construction of the deed seems to be contrary to the settled rules of law. See, however, the Revised Statutes. — Ed.]

 An affidavit to this effect was read, in support of the tenant’s motion for a new trial, during the argument at the bar.