# SUPREME JUDICIAL COURT,

FOR THE COUNTY OF

# PENOBSCOT.

## JUNE TERM,

## 1824.

### PORTER vs. HAMMOND.

Where the tenant of land for a year, held over, and after the expiration of his term paid rent to a stranger, and refused to quit the premises, being called upon by the agent of the lessor for that purpose ;—this was held to be not such a disseisin of the lessor as would prevent the operation of his deed conveying the premises to a third person.

THIS was a writ of entry, in which the demandant counted on his own seisin, and a disseisin by the tenant ; who pleaded in bar that the demandant, being seised of the premises, by his deed of *Feb.* 10, 1821, bargained, sold and conveyed the same to one *William Grant* in fee. The demandant replied that at the time of making that deed he was disseised of the premises by one *Henry H. Snow,* and traversed his own seisin ;—on which issue was taken.

To support this issue on his part, the demandant proved that in *February* 1821, the tenant, being in the occupancy of the land, paid rent therefor to *Snow.*

The tenant then proved that he became tenant of the demandant *April* 16, 1819, under a written license from *Jacob McGaw* Esq. his attorney, to occupy the land till the first of *January* then next, for the rent of twenty dollars ; and that he thereupon gave the demandant a writing, in the following terms :—" I agree to " improve the *Bessey-place,* so called, in the town of *Atkinson,*

" during the present year, and until the first of *January* next, " under Capt. *Seward Porter*, and to pay him twenty dollars for " the use thereof. *William Hammond. Bangor, April* 16, " 1819."

Mr. *Mc Gaw* testified that since the expiration of the term he had repeatedly called upon the tenant to quit the premises, which he refused to do ; and continued in possession when this action was brought.

Upon this evidence *Weston* J. who tried the cause, being of opinion that *Hammond*, at the execution of the deed of *Feb* 10, 1821, was still but a tenant at sufferance to *Porter*, gave the demandant leave to become nonsuit, with liberty to move to set it aside, if in the opinion of the whole Court, the action could be supported.

*Mc Gaw* and *Greenleaf*, for the demandant, contended that he had a right, upon the facts in the case, to consider himself disseised ; and cited *Blunden v. Baugh Cro. Car* 303, *Lit. sec.* 588. *Booth on Real Actions* 285. *Hob.* 461. *Atkyns v. Horde* 1 *Burr.* 110. And that the lease did not estop the tenant from denying the seisin of the lessor, after the expiration of the term. *Co. Lit.* 47 *b.* 2 *Jacob's Law Dict.* 440, *tit. Estoppel.*

*Godfrey* and *Williamson*, for the tenant.

MELLEN, C. J. delivered the opinion of the Court.

The single question presented by the pleadings, and the evidence adduced to support the replication, is, whether the demandant, at the time of executing the deed to *Grant*, was disseised of the demanded premises ; so that in consequence, nothing passed by the deed. *Hammond*, the alleged disseisor, at first entered, as the lessee of the demandant, for one year ; during which time he was estopped to deny the right and title of his lessor. But the case finds, that after the end of the year, and during the interval between that time and the commencement of this action, he was repeatedly called on by the demandant's counsel to quit the premises, but he refused so to do ; and paid rent to *Snow*, who it is said claimed the land. This is the evidence

relied on to prove the alleged disseisin. There are two kinds of disseisin ;—a disseisin at the election of the owner of the land ;—and a disseisin in spite of the true owner. The distinction between these two kinds is particularly stated in the case of *Atkyns v. Horde*, cited in the argument from *Burrow*. An owner may, and often does, elect to consider himself disseised for the sake of using the remedy of an action to obtain possession of the land ; and when the tenant pleads the general issue, he admits himself to be tenant of the freehold. 7 *Mass.* 381. 4 *Mass.* 443. 12 *Mass.* 373. And thus both parties agree in this form to try the question of title. But in such a case there need not exist a disseisin in spite of the true owner, to enable the demandant to maintain a writ of entry. So when to a writ of entry the defendant pleads *non tenure*, and the demandant replies that the defendant is tenant of the freehold ; such replication would be supported by proof that the tenant had been called on to quit the premises and refused so to do ; for if such proof should not be held sufficient, how is the owner to regain seisin and possession of the land ? The case before us, however, is different from both of those abovementioned. The disseisin stated in the replication, must be such an one as deprives the true owner of the legal power to convey the lands by deed, or devise them by will ;—that is, a disseisin in spite of the owner. In the case of *Prop. Ken. Purchase v. Laboree & al.* 2 *Greenl.* 275, we had occasion to review the law of disseisin and consider the facts necessary to constitute a disseisin in spite of the owner. It must be open, exclusive, adverse and continued. By looking at the case before us, we find no facts shewing the possession of *Hammond* to have been exclusive or adverse to the title of the demandant. He only paid some rent to *Snow* and refused to quit the premises. Upon these facts we do not see why *Porter* might not have maintained trespass against the defendant ;—or at least, why *Grant* might not have brought the present action and maintained it. We cannot think that the possession of the defendant, and refusal to leave the premises, would have prevented the operation of the deed and the conveyance of the title to *Grant*.

We are therefore of opinion that the nonsuit must be confirmed.