WILLIAM WOLCOTT, Executor, *vs.* FITCH WINCHESTER.

If the grantee of part of an estate subject to a mortgage, which has in fact been assigned by the mortgagee by an unrecorded assignment, afterwards takes a quitclaim deed of the whole estate from the mortgagee, he acquires a valid title to the part which he previously held as against the mortgagee, but no sufficient title to the residue to defeat a writ of entry by the assignee to foreclose the mortgage.

An assignee of a mortgage may maintain a writ of entry for foreclosure by recording his assignment after suit brought and before the trial, if his title as against the defendant does not depend upon the time of the record.

WRIT OF ENTRY brought in 1856 to foreclose a mortgage of land in Southborough. Trial in the court of common pleas in Worcester at March term 1858, before *Morris,* J., to whose rulings the defendant alleged exceptions, which were argued at October term 1858. The case is stated in the opinion.

*E. Washburn,* for the defendant, cited Rev. Sts. *c.* 59, §§ 1, 5, 27, 28 ; *Clark* v. *Jenkins,* 5 Pick. 280 ; *Newhall* v. *Pierce,* 5 Pick. 450 ; *Freeman* v. *M'Gaw,* 15 Pick. 82 ; *Page* v. *Robinson,* 10 Cush. 99 ; *Smith* v. *Johns,* 3 Gray, 519 ; *Crane* v. *March,* 4 Pick. 136 ; *Young* v. *Miller,* 6 Gray, 152 ; *Wyman* v. *Hooper,* 2 Gray, 141 ; *Grover* v. *Thacher,* 4 Gray, 526 ; *Dole* v. *Thurlow,* 12 Met. 163 ; *Pomroy* v. *Stevens,* 11 Met. 247 ; *Pomroy* v. *Rice,* 16 Pick. 22 ; *Judd* v. *Flint,* 4 Gray, 557 ; *Pray* v. *Pierce,* 7 Mass. 384 ; *Marshal* v. *Fisk,* 6 Mass. 32 ; *Higbee* v. *Rice,* 5 Mass. 344 ; *Harrison* v. *Phillips Academy,* 12 Mass. 465 ; Co. Lit. 301 ; 4 Kent Com. (6th ed.) 492, note.

*G. F. Hoar,* for the plaintiff, cited 4 Kent Com. (6th ed.) 194, *Cutler* v. *Haven,* 8 Pick. 490 ; *Scott* v. *McFarland,* 13 Mass. 311 ; *Goodwin* v. *Richardson,* 11 Mass. 469 ; *Ballard* v. *Carter,* 5 Pick. 112 ; *Fay* v. *Cheney,* 14 Pick. 399 ; *Gould* v. *Newman,* 6 Mass. 239 ; *Wade* v. *Howard,* 11 Pick. 289 ; *Oakham* v. *Rutland,* 4 Cush. 172 ; *The King* v. *St. Michaels,* 2 Doug. 630 ; *Martin* v. *Mowlin,* 2 Bur. 969 ; *Southerin* v. *Mendum,* 5 N. H. 430 ; *Bell* v. *Morse,* 6 N. H. 205 ; *Smith* v. *Moore,* 11 N. H. 64 ; *Ellison* v. *Daniels,* 11 N. H. 274 ; *Smith* v. *Smith,* 15 N. H. 64 ; *Wilson* v. *Kimball,* 7 Foster, 300 ; *Lamprey* v. *Nudd,* 9 Foster, 299 ; *Vose* v. *Hardy,* 2 Greenl. 322 ; *Dudley* v. *Cadwell,* 19

Conn. 218; *Clark* v. *Beach*, 6 Conn. 152; *Pratt* v. *Bank of Bennington*, 10 Verm. 293; *Keyes* v. *Wood*, 21 Verm. 331 *Aymer* v. *Bill*, 5 Johns. Ch. 570; *Jackson* v. *Willard*, 4 Johns. 42; *Runyan* v. *Mersereau*, 11 Johns. 534; *Jackson* v. *Bronson*, 19 Johns. 325; *Wilson* v. *Troup*, 2 Cow. 231; *Betz* v. *Heebner*, 1 Pennsyl. 280; Pow. Mortg. (2d ed.) 257; *Carr* v. *Hilton*, 1 Curt. C. C. 390; *Clift* v. *White*, 2 Kernan, 519; *James* v. *Morey*, 2 Cow. 246; *Frost* v. *Burch*, 5 Denio, 187; Rev. Sts. *c.* 107, §§ 29, 33; 2 Story Eq. Jur. § 1023, note 4.

DEWEY, J.   The plaintiff presents, in the first instance, an ordinary case of an assignee of a mortgage seeking to foreclose the same.   All parties acknowledge the title to have been in Henry Este, to whose title the plaintiff alleges he has succeeded through a mortgage made by Este to Jacob Winchester on the 16th of October 1843, and duly recorded on the 17th of November 1843, which mortgage was assigned to Polly Aden, the plaintiff's testatrix, by a deed executed on the 1st of January 1844, but not acknowledged, and not recorded until the day of the trial of the present action, when it was proved by an attesting witness, and recorded under the provisions of the statute. These facts show a *prima facie* case for the plaintiff.   On the part of the defendant, the title is this : Este sold a part of the mortgaged premises to Joseph A. Trowbridge by a deed recorded on the 19th of May 1846, Trowbridge having no knowledge of the subsisting mortgage to Jacob Winchester.   On the 10th of August 1847 Trowbridge purchased of Winchester his interest in the entire mortgaged premises.   This deed was a deed of quitclaim and release, with covenants of warranty against all persons claiming under him.   Such a deed will be held sufficient to pass the interest of the grantor.   *Freeman* v. *M'Gaw*, 15 Pick. 82.   *Pray* v. *Pierce*, 7 Mass. 381.   On the 18th of August 1847 Trowbridge made a formal entry and took possession to foreclose the mortgage, and soon after sold the estate to the defendant, who has since continued in possession.   It will be perceived, from the statements of the respective titles, that the deed from Jacob Winchester to Trowbridge was executed between the time of making the assignment of the mortgage to

Polly Aden, and the recording thereof, a period of fourteen years having intervened between the same. At the time of making this deed to Trowbridge, Winchester had the legal record title in the mortgage given by Este, while the testatrix Polly Aden, had the possession of and legal interest in the bond for which the mortgage security was given and an unrecorded assignment of the mortgage.

In this state of the case, it is contended on the part of the plaintiff, that the debt drew with it the entire mortgage security, either because such would be the necessary result, the debt being the principal and the mortgage an incident to it, or because Trowbridge, the purchaser, must be held affected with the notice of the transfer of the mortgage from Winchester, from the fact of not requiring its production or the exhibit of the bond at the time of taking his deed. We suppose we may assume it to be well settled that, to give full effect to an assignment of a mortgage, such assignment must be recorded. *Clark* v. *Jenkins*, 5 Pick. 280. As to the inference of knowledge of a transfer of the mortgage, by reason of the non-production of the bond or note secured thereby, or the existence of laches on his part, however it might be urged against a third party who claimed no other interest than under the mortgage and as a purchaser of such mortgage, yet it seems obvious that no such inference could apply to a party holding from other sources a valid title to the premises, subject only to the incumbrance of the mortgage. Such party has no object in acquiring the possession of the personal obligation. It might be no part of the arrangement that it should be given up. Suppose in the present case Trowbridge had found his land incumbered with a mortgage to Winchester, such mortgage also embracing other lands to which he had no claim of title, and Winchester had been willing to release so much as was embraced in the land sold by Este to Trowbridge, holding the bond and mortgage on the remainder. Would not a deed without any transfer of the bond avail Trowbridge as a discharge of the lien upon his land? As to so much of the premises as Trowbridge had purchased of Este, he might properly recur to the person in whom the

record title was, having no knowledge of any unrecorded transfer, and procure from him a conveyance of all his interest in such land, and this would discharge the mortgage *pro tanto.* To this extent Trowbridge has acquired a valid discharge of the land from the outstanding mortgage, and may well maintain his defence to this action.

But Trowbridge, or those representing his interest, claim beyond this. It is contended, on the part of the defendant, that Trowbridge acquired the entire mortgage interest in all the lands embraced in the mortgage, by force of his deed from Winchester, who was on the record the legal owner of the mortgage. Here the defendant sets up a title by purchase of the mortgagee's interest in other lands than his own. This raises the question of the effect of a separation of the bond, and a transfer of that to another party, or, in other words, what are the respective legal rights of a party holding the bond by purchase, without any transfer of the mortgage as such, and what the rights and legal interest of one holding a naked mortgage, having parted with all the choses in action as security for which the mortgage was given. Our doctrine has not gone to the extent that the mere purchase of the debt drew with it the mortgage security, so far as to vest the legal interest in the purchaser so that he might enforce the same by a suit in his own name. On the other hand, it is well established that a mere outstanding naked mortgage title, the debt having been paid, cannot avail the mortgagee, so as to sustain an action upon the mortgage. The doctrine is that the legal estate of a mortgagee after condition broken, and after the debt has been paid, will not enable him to maintain a writ of entry against the mortgagor. *Wade* v. *Howard,* 11 Pick. 289. " When the debt is paid, the whole substantial purpose is accomplished; a mere naked seisin, without any beneficial interest, remains in the mortgagee; the legal seisin which he holds results from the application of a strict technical rule of law, and any technical answer to a claim thus founded is good." *Fay* v. *Cheney,* 14 Pick. 401. The peculiar character of the estate is spoken of in *Gardiner* v. *Richards,* 11 Mass. 475, as " the right of acquir-

ing an estate on a certain contingency, and on the performance of a condition precedent on his part." After condition broken, as mortgagee he could have no other judgment than the conditional one. *Fay* v. *Cheney, ubi supra.* But Trowbridge had no debt to be made the subject of a conditional judgment. His interest as a mortgagee was a mere technical interest. It is this interest which was to be dealt with, and under the principle " that mortgages are peculiarly of chancery jurisdiction." *Gardiner* v. *Richards, ubi supra.*

The party holding such legal estate no doubt holds the same in trust for the party owning the debt, where the entire debt secured by a mortgage has been parted with, however it might be if the mortgagee had parted with one of the several notes secured by a mortgage, retaining the others with the mortgage for his own benefit. The only question therefore is whether the plaintiff must be required to file his bill in equity, seeking through the defendant to enforce the mortgage security upon the other lands than those which Trowbridge had purchased of Este, or may in answer to the alleged title of Trowbridge, as to this portion of the mortgaged premises, reply that the deed of conveyance of the naked interest of a mortgagee who had parted with a bond for securing which the mortgage was given, cannot avail against a party who had previously become the purchaser of a bond. As a purchaser, he must have known that the possession of the debt was essential to an effective mortgage, and that without it he could not maintain an action to foreclose the mortgage. The not finding it in possession of the mortgagee, and not stipulating for any transfer of such debt, are circumstances that should estop him from setting up any title against the *bona fide* purchaser of the debt, who had possession of the bond and an assignment of the mortgage in due form to vest the legal estate in him as against the assignor, and only defective as to any others, in not being recorded.

This case also, it is seen, differs entirely from that of one seeking to enforce a legal title as mortgagee, but who holds nothing but the debt. In such case, under our decisions, it might be necessary to resort to a bill in equity, to charge the

party who had the legal title as a trustee for the party who held the debt. Here the plaintiff has a legal transfer of the mortgage, as well as of the debt, and the only question is one of priority of title. As to so much of the premises demanded as were not embraced in the conveyance from Este to Trowbridge, we think the naked conveyance made to him without a transfer of the debt should not prevail against a prior *bona fide* purchaser of the mortgage debt, who held the same by delivery of the bond accompanied by an assignment of the mortgage, but which had not been recorded.

The result will be therefore that the verdict be set aside and a new trial be had, upon the principles and rulings in matter of law, above stated. *Exceptions sustained.*

Upon a new trial in the superior court at December term 1860, the defendant admitted that he had notice of the assignment to the plaintiff's testatrix before this suit was brought, but contended that this suit could not be commenced until after the assignment had been acknowledged and recorded. But *Vose*, J. ruled otherwise; a verdict was taken for the plaintiff, and the defendant alleged exceptions, which were argued and decided at October term 1861.

*P. C. Bacon*, for the defendant.

*Hoar*, for the plaintiff.

DEWEY, J. The precise question here is, whether an assignee of a mortgage, not having the assignment to him recorded in the registry of deeds before instituting his action, is entitled to a judgment in an action to foreclose the mortgage, against one not the mortgagor, but claiming under a title derived through him, upon procuring the deed of assignment to be duly recorded before the trial of the action.

It is to be further understood as a part of this case, that the undoubted legal title was in the plaintiff; and that for reasons fully stated in the opinion heretofore given in this case, the assignee had, as between these parties, the older and better title. The objection is not therefore that this assignment was not recorded before the defendant acquired his title, but the mere

question as to time of recording in reference to enforcing a legal right. Nor is it denied that the defendant was fully informed of the assignment before action brought.

The validity of a deed, without acknowledgment or record, as against the grantor and his heirs or devisees, was directly settled in the cases of *Marshall* v. *Fisk*, 6 Mass. 24, and *Dole* v. *Thurrow*, 12 Met. 162. As respects others than the grantor and his heirs, such deeds may avail where actual notice of their existence by the other party before he acquired his title is shown, and the deed has been recorded at any time before the trial of the action. To this extent the parties to a real action have always been allowed to avail themselves of the record of a deed *pendente lite.* The recording of a deed after action brought, and at any time before trial, is in accordance with well settled practice, when such recording was required solely to comply with the provisions of the Rev. Sts. *c.* 59, §§ 1, 28, and the title was not dependent upon the time of its record, and the recording was merely to authorize its introduction as evidence. Such was the case here, as has already been stated.

It is now urged, however that may be in the case of ordinary conveyances of an absolute title, that it should not be applied to the case of an assignee of a mortgage, and that such party should, before bringing his action to foreclose, place himself upon the registry of deeds, as a party competent to discharge the mortgage in the manner required by the Rev. Sts. *c.* 59, §§ 33, 34.

By recording such assignment before the trial and judgment for foreclosure, the objection as to future payments to the assignee is fully obviated, and the assignee has placed himself on the record as the party authorized to enter thereon a discharge of the mortgage, or to execute a quitclaim deed. The only hardship is that of being subject to an action and liability to pay costs. But it would always be at the election of the mortgagor, or those claiming under him, to pay the debt secured by the mortgage, without a suit, and take a discharge of the mortgage from the person holding such unrecorded assignment, and a surrender of the bond or note secured by the

mortgage, if he preferred so to do, rather than to submit to a judgment at law for foreclosure with costs. It is true, it would not be a discharge by an assignee on the books of the registry of deeds, but it would be a valid discharge.

For the reasons already stated, we think it was competent for the plaintiff to maintain the present action, upon record-ing his assignment pending the action and before the trial.

*Exceptions overruled.*