## STARK *v.* BROWN.

Non-tenure, general or special, is a good plea in abatement to a writ of entry brought to foreclose a mortgage.

But if there be no disclaimer, the plaintiff may always reply, maintaining his writ, and if on trial it appear that the defendant is in possession under a title subject to that of the plaintiff, the plaintiff will be entitled to judgment.

Hence, a defendant in possession can only successfully plead non-tenure special.

WRIT OF ENTRY, to foreclose a mortgage, in which the plaintiff counted on his own seizin in fee and in mortgage, within twenty years, and alleged that the defendant had since unjustly entered and held him out, &c. The defendant pleaded in abatement that he could not render, &c., because at the date of the writ he was not, nor at any time since had been, tenant of the demanded premises as of freehold, &c. To this plea the plaintiff demurred specially, for the following causes: 1. That said plea does not contain sufficient certainty of addition, in that it does not deny that the defendant is seized of an estate less than a freehold: 2. It offers an immaterial issue when it alleges that he, the said defendant, is not, nor was at the time of suing forth the writ aforesaid, or at any time since, tenant thereof as of freehold: 3. The said plea, by implication, admits all the facts alleged in the plaintiff's declaration: 4. The said plea does not give the plaintiff a better writ.

*William Stark,* for the plaintiff.

*W. C. & S. G. Clarke,* for the defendant.

FOWLER, J. It may be considered well settled in this State that non-tenure is a good plea in abatement to a writ of entry, whether brought to foreclose a mortgage or otherwise. But the plaintiff, if there be no disclaimer, may, in such a case, always reply, maintaining his writ,

and if, on trial, it be shown that the defendant is in possession under any one who holds subject to the plaintiff's title, the plaintiff will be entitled to recover. The owner or mortgagee of land may treat every person whom he finds in possession, without a title paramount to his own, as a disseizor, at his election, and no disseizor can qualify his wrong by alleging that he is seized of an estate less than a freehold. *Brown* v. *Miltimore,* 2 N. H. 442; *Mills* v. *Pierce,* 2 N. H. 10; *Sperry* v. *Sperry,* 8 N. H. 477; *Wilson* v. *Webster,* 6 N. H. 419; *Towle* v. *Ayer,* 8 N. H. 57; *Wheeler* v. *Bates,* 21 N. H. 460; *Smith* v. *Edminster,* 13 N. H. 410; *Gibson* v. *Bailey,* 9 N. H. 174; *Tappan* v. *Tappan,* 35 N. H. 410, and authorities cited on page 414.

It follows that a defendant, actually in possession of the demanded premises, who does not disclaim, can only safely and successfully plead non-tenure special, since, if the plaintiff shall reply, maintaining his writ, and show the defendant in possession, he will be entitled to recover; because, when the plaintiff has shown the legal title in himself and possession in another, that other is estopped to say that he is seized of a less estate than a freehold. The fact that he is in possession, resisting the plaintiff's right to recover his own premises, is conclusive upon him. Being in possession, and refusing to surrender it at the claim of the lawful owner, he is seized of the freehold by disseizin, and therefore the plaintiff is entitled to recover against him, although he may, in fact, have been only a tenant for years, or a less estate. *Mills* v. *Pierce,* 2 N. H. 10, and authorities; *Wilson* v. *Webster,* 6 N. H. 419; *Wheeler* v. *Bates,* 21 N. H. 460; *Pray* v. *Pierce,* 7 Mass. 381.

But the plaintiff insists that a plea of non-tenure general does not deny, and therefore admits, possession by a tenure less than freehold, as of years, at will, or at sufferance; and as possession under any of these claims of title would be sufficient, if proved, to enable the plaintiff to maintain his action, therefore the defendant, by pleading

non-tenure general, must be taken to have admitted enough to entitle the plaintiff to judgment.

The obvious reply to this position is, that the plaintiff has quite mistaken the character and effect of the plea. He can maintain his action only against a tenant of the freehold. *Cadogan* v. *Powell*, Cro. Eliz. 559 ; Com. Dig., Abatement, F., 14, 15, 16 ; Story Pl. 382 ; *Towle* v. *Doble*, 1 Mod. 181, and authorities before cited. When, therefore, the defendant, by his plea, denies that at the date of the writ he was, or since has been, tenant of the demanded premises as of freehold, he denies what is essential to the plaintiff's right to recover, since he denies that he was such tenant in any and every mode in which such tenancy could arise, and the action must necessarily abate, unless something farther appears. It is only when, after a replication by the plaintiff, maintaining his writ, and issue joined on the question of tenancy, it shall appear that the defendant is wrongfully in possession of the demanded premises, that the plaintiff can have judgment; for only then can it be shown that the defendant can be regarded as a tenant of the freehold by disseizin. In his plea he expressly disclaims being such tenant in any possible way, and if he be not in possession his plea is a perfect answer to the action, because the plaintiff can recover only against such tenant. But when, upon such plea, an issue is joined, and it is shown that the defendant is in possession, resisting the right of the legal owner to enter, the law regards such tenant in possession as seized of the freehold by disseizin, and thereupon the plaintiff can have judgment. If, however, on such issue joined, it appear that the defendant is not in possession, and does not claim to own the freehold, there can be no pretence upon the authorities, or even upon the plaintiff's own argument, that he could recover.

It is said that the defendant should have disclaimed ; but it is easy to suggest a case where it would have been fatal to the defendant's rights to have done so. Suppose,

for instance, the plaintiff's mortgage to have been of a life estate only in the demanded premises, and that the defendant owned the reversion. The defendant is not in possession, but the plaintiff brings his writ of entry against him. What defence can he make? He admits the plaintiff's life estate in the land, and does not wish to contest it. He cannot permit judgment to go against him by default, for that would conclude his reversionary rights. He cannot disclaim, for the same reason. He cannot plead non-tenure special, both because he is not in possession, and because he admits the validity of the plaintiff's title to the life estate. If he cannot plead non-tenure general, it would seem that no defence, among the established forms of proceeding in such cases, remains open to him.

On the whole, therefore, we have no doubt that the plea in the present case was sufficient, and the demurrer must be overruled.

*Demurrer overruled.*