## WILLIAM L. JOHNSON *vs.* CHARLES BOARDMAN & another.

The legal effect of a plea of *nul disseisin*, since *St.* 1836, *c.* 273, is an admission of every-
thing except the demandant's title; and a specification by the tenant that he is not in
the actual possession of the demanded premises, but is the legal owner thereof under a
deed to him, does not modify the admission contained in the plea.

Proof that the tenant in a real action took and recorded a deed of the demanded premises
from a tax collector is sufficient *prima facie* to establish a disseisin, under a plea of *nul
disseisin*, with a specification of non-tenure.

The demandant in a real action is not estopped to prove his own earlier and better title, by
putting in a deed from a tax collector to the tenant, upon a sale of the premises for non-
payment of taxes assessed thereon to the former owner, after the demandant's title
accrued

WRIT OF ENTRY.  At the trial in the superior court, before *Russell*, J., a verdict was returned for the demandant, and the tenants alleged exceptions.  The case is stated in the opinion.

*A. V. Lynde*, for the tenants.

*S. Wells, Jr.*, for the demandant.

CHAPMAN, J.  The practice act made no change in the pleadings in real actions ; but left *St.* 1836, *c.* 273, in force respecting them.  This act abolished special pleading, and authorized all matters of law and fact, in defence of an action, to be given in evidence under the general issue, with such specification of defence as might be ordered by the court.  Prior to this act, a plea of *nul disseisin*, which is the general issue in a writ of entry, admitted tenancy of the freehold and an ouster of the demandant ; so that the demandant need not, on such a plea, prove either of those facts ; but must merely establish his title. *Higbee* v. *Rice*, 5 Mass. 352.  Stearns on Real Actions, 232. The admission contained in the plea of *nul disseisin* was regarded as conclusive ; and the tenant was not permitted to offer evidence that he was not tenant, because such evidence was deemed repugnant to his plea.  *Pray* v. *Pierce*, 7 Mass. 381. But under *St.* 1836, above referred to, and the rules adopted by the court in conformity with it, a tenant might plead *nul disseisin*, and specify a defence of non-tenure or disclaimer.  *Wheelwright* v. *Freeman*, 12 Met. 154.  This changed the effect of the plea when such specification was made, but not otherwise.

In the present action both tenants pleaded the general issue. Boardman specified non-tenure, adding a statement that he purchased the land of a tax collector in 1857, and sold his interest prior to the date of the writ.  Lynde specified that he was not in the actual possession but is the legal owner under a deed from Boardman.  This is neither a disclaimer nor an allegation of non-tenure.  It seems to be based upon the erroneous belief that there cannot be a tenancy of land without actual possession.  It did not modify the admission contained in the plea.

Upon these pleadings the parties went to trial.  The plaintiff proved his prior title by a deed from one Boardman in 1855. As to Lynde, who had merely pleaded *nul disseisin*, without

specifying disclaimer or non-tenure, this was sufficient. He also put in the deed of a tax collector to the defendant Boardman, dated in 1857, purporting to sell the premises as belonging to the demandant's grantor, for payment of a tax assessed in 1856 — the year after the demandant became the purchaser. This was *prima facie* evidence of tenancy in Boardman.

The tenants then requested a ruling that the demandant had not proved a disseisin, because he had not proved any acts of possession by them. This request was based on the idea that they could evade the trial of their title, by remaining out of possession. But the law does not permit such an evasion. A party claiming title, and not disseised, must either assert or abandon his claim in answer to a writ of entry. *Dewey* v. *Bulkley*, 1 Gray, 416. Lynde had asserted a claim by his plea, and the demandant had proved a better title. Boardman had asserted non-tenure ; but the demandant proved his tenancy *prima facie* by showing that he had taken and recorded a deed of the premises. The request was thus rightly refused.

The tenants then contended that the demandant, having put in the deed of the collector to the defendant Boardman, was estopped to deny that title passed by it. But it did not purport to convey any title except that which Boardman, the plaintiff's grantor, had at the time of the assessment; and on no possible ground could this estop the demandant from establishing an earlier title.

Several other rulings were excepted to at the trial, but none of them are noticed in the brief of the tenants, and they must be regarded as waived.            *Exceptions overruled.*