## ADDISON C. JACKSON *vs.* LABAN B. STEVENS.

The plaintiff bought land with money borrowed from the defendant for that purpose; the deed was taken to the defendant as security for the loan; the land was afterwards sold at an advance; and, after repaying himself the amount of his loan with interest, there remained a balance of the proceeds in the defendant's hands. *Held,* that the plaintiff could recover it in an action for money had and received.

On an issue whether land purchased in the name of the defendant was held by him on a resulting trust in favor of the plaintiff, the judge instructed the jury that if the conveyance was made to the defendant under an agreement that the land was to be held by him as the property of the plaintiff, but as security to himself for the sum paid as the price of the land advanced to the plaintiff as and for a loan to him, then there was a resulting trust; but that, if the defendant, instead of lending to the plaintiff, for the purchase of the land, the money which was the price thereof, and receiving an absolute conveyance thereof as security for the money thus lent, purchased and paid for the land by his own money, under an understanding that, when the plaintiff should pay to him the price paid by him for the land, he would convey the land to the plaintiff, there was no resulting trust. *Held,* that the defendant had no ground of exception.

In an action to recover the proceeds of land sold by the defendant, and which the plaintiff claimed to show by parol evidence was held on trust for him, the refusal of the judge to instruct the jury that such evidence should be received with great caution affords no ground of exception.

CONTRACT for money had and received. The bill of particulars was for a balance of cash " received of Smith & Wilson by the defendant for land sold by the plaintiff to them, called the Davis wood-lot, held by the defendant for the plaintiff as security for debt."

At the trial in the superior court, before *Brigham,* C. J., the plaintiff testified " that he ascertained that he could purchase the wood-lot in question upon favorable terms, but not having the money to pay for it he applied to the defendant for a loan of $1500 ; that the defendant consented to make the loan, provided the plaintiff would pay the same rate of interest that the defendant was then receiving for his money, which was invested in government bonds, and also pay the defendant for his time, trouble and risk; and that the defendant agreed to take a deed of the wood-lot directly to himself, as security for the loan until the same was. repaid." The defendant testified that " he agreed to make the loan upon the terms named, except as to the security and that the security was to be by way of mortgage on two other

lots of land in which the plaintiff claimed an interest, and a mortgage on the wood-lot itself after it had been deeded to the plaintiff ; but that it was found that the plaintiff could not give the promised security, and therefore the defendant said he would take a deed of the wood-lot and pay for it himself, and when the plaintiff would furnish him satisfactory security, he would convey to him for the amount he (the defendant) paid for it, with the above stipulated interest, &c. ; and that he did pay for the wood-lot and took a deed of it."

It appeared " that the plaintiff, some five or six months after the purchase of the lot as aforesaid, found an opportunity to sell it for the sum of $2500, being an advance of $1000 upon what was paid for it ; that he called on the defendant and informed him of the offer he had had for the lot, or that he had bargained the lot for the $2500, and asked the defendant to convey the lot to the party who had offered the $2500 ; that the defendant said that if he made the conveyance he should claim one half of the profits ; that to this the plaintiff made no reply ; that the deed from the defendant to the purchasers was made ; that the purchasers paid the plaintiff $500, for which he gave them his receipt and went away, and the purchasers paid the defendant the $2000, which he retained ; that several days afterwards the plaintiff claimed of the defendant the balance of the $2000 after deducting the $1500 and interest, &c., and the defendant refused to pay over the balance or any part of it, and thereupon the plaintiff commenced this action to recover that amount ; and that the plaintiff did not at any time give the defendant a note or any other written contract to pay the $1500 and interest, (which was eight per cent.,) nor had the defendant at any time any other security for the loan except the deed of the wood-lot." There was other evidence in the case, more or less conflicting, as to the original agreement for the loan, and as to what took place at the time the deed of the wood-lot to the defendant was written and delivered, part tending to confirm the testimony of the plaintiff and part tending to confirm that of the defendant.

Upon this evidence the defendant asked the judge to rule that " this action for money had and received cannot be maintained to

recover money received by the defendant for land of which he held an absolute deed, in which no trust is declared, but which the plaintiff claims upon a resulting trust; that the question as to whether the land was held by the defendant upon a secret or resulting trust for the plaintiff cannot be inquired into in this case, and under the plaintiff's declaration and bill of particulars; and that the plaintiff, having given no note nor entered into any written contract by which he was legally bound to pay the defendant the $1500 and the eight per cent. interest, cannot rightfully claim that the defendant shall fulfil his part of the contract out of which he alleges that the resulting trust arose." He also requested the judge to instruct the jury that " the evidence in this case tending to impeach or contradict the express terms of the deed to the defendant, making it a trust deed instead of a deed absolute, should be received by them with great caution." All these rulings and instructions the judge refused to give, but instructed the jury as follows :

" If the plaintiff or the defendant purchased the wood-lot in question, and the plaintiff, or the defendant as the plaintiff's agent, paid the price of the same, and a conveyance, absolute in form and effect, of the same was made to the defendant, under an understanding and agreement that the lot was to be held by him as the property of the plaintiff, and that such conveyance was made as security to the defendant for the sum paid as the price of the lot advanced to the plaintiff as and for a loan to him ; and if, pursuant to this agreement, either the plaintiff or the defendant negotiated a sale of the lot, and the defendant conveyed the same pursuant to the sale, and received the price thereof ; the defendant so received said price, subject to a deduction therefrom of the amount of said loan, interest thereon and the agreed charges of the defendant in consideration of said loan, to the plaintiff's use, so that the same may be recovered in this action, if the plaintiff, having the burden of proof on him, has proved the foregoing facts. But if the defendant, instead of lending to the plaintiff, for the purchase of the wood-lot, the money which was the price thereof, and receiving an absolute conveyance thereof as security for the money thus lent, purchased and paid for the

wood-lot by his own money, under an understanding and agreement that he was so doing for the benefit of the plaintiff, in this respect, that, when the plaintiff should pay to him the price paid by him for the wood-lot, with interest thereon and his charges for his trouble and risk in the transaction, he would convey the lot to the plaintiff, and, while this agreement and understanding existed between the parties, a sale of the lot, whether negotiated by the plaintiff or defendant, was made, and the defendant received the money which was the price thereof, upon his conveyance of the same to the purchaser, the plaintiff would not be entitled to recover in this action any part of the money thus received by the defendant, as money received to the plaintiff's use."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*P. E. Aldrich*, for the defendant.

*G. F. Verry & A. J. Bartholomew*, for the plaintiff.

WELLS, J. Under the instructions given to the jury, their verdict must be taken to have established three facts: 1. That the land was purchased by or for the plaintiff. 2. That the purchase money paid was the money of the plaintiff; having been borrowed by him for that purpose from the defendant. 3. That the deed was taken to the defendant as security for that loan. These facts constitute a resulting trust.

So long as the trust remained unexecuted, it could be enforced only in equity. But it has been executed by a sale and conveyance of the land. The debt to the defendant and his expenses having been satisfied from the proceeds, there remains a balance of money in his hands which in equity and good conscience belongs to the plaintiff. This he may recover in an action at law, as for money had and received. The statute of frauds, Gen. Sts. *c.* 105, § 1, and that relating to trusts, Gen. Sts. *c.* 100, § 19, are no more a defence to such an action at law than they would be in equity. The only question in the case therefore is, whether the jury were properly instructed.

We discover no reasonable ground of objection to the instructions given. The jury could not have failed to understand from them that the question to be determined was whether the defend-

ant advanced the money as a loan to the plaintiff, or as payment on his own account for the purchase of land in his own behalf.

The exception most strongly urged is to the refusal of the judge to instruct the jury that as the evidence went to impeach or contradict a deed "it should be received by them with great caution." It is doubtless true that courts do and should receive evidence, offered for such purposes, with caution. But it is a rule which the court itself applies. It is often announced in cases in which the court is to pass upon both law and fact. In cases to be submitted to the jury, the court will exercise the caution in the conduct of the trial, and in the presentation of considerations affecting the written and other testimony introduced. But we do not understand that it is the duty of the court to impress the jury with a suspicion of such testimony; or to give them any rule to guide them in weighing it, except the plain and simple one that their minds must be convinced by the fair preponderance of all the evidence. The rule proposed would be an uncertain and unsafe one for juries to act upon; and we think the judge properly declined to give it.                            *Exceptions overruled.*