· MARY M. E. POND *vs.* NATHANIEL EDDY.

Parol evidence is admissible in equity to prove that the assignment of a mortgage, absolute
in form, was a security for a loan.

BILL IN EQUITY for the reconveyance of land. The bill set
forth that September 12, 1859, one John F. Pond assigned to
the defendant by deeds of assignment absolute in form, but in-
tended by the parties as collateral security for the payment of
certain indebtedness of Pond to the defendant, ten mortgages of
lots of land in Worcester ; that the defendant at the same time
acknowledged in writing the receipt of the assignments, and that
they were to be used by him for Pond's benefit ; that the plain-
tiff had acquired, through sundry mesne conveyances, Pond's right
to redeem this collateral security ; that the defendant had fore-
closed the mortgages, had sold several of the lots and had been
in receipt of the rents and profits, and that he had refused to
render an account, or to reconvey the lots upon being repaid.
The prayer of the bill was for an account, for a reconveyance and
for general relief, the plaintiff offering to pay what should appear
to be due on Pond's debt to the defendant.

The defendant in his answer admitted the assignments, denied
that they were intended as collateral security, averred that they
were absolute in fact as well as in form, and that the plaintiff
had lost by gross laches all right, if any she ever had, to redeem.

The plaintiff filed a general replication.

The case was referred to a master with directions to report the
facts and such portions of the evidence as either party might
request, and state the account between the parties. The defend-
ant excepted to the master's report (the substance of which is
stated in the opinion) : 1. Because he found that the advances
made by the defendant to John F. Pond were a loan. 2. Be-
cause he found that the mortgages were assigned as collateral
security. 3. Because he improperly admitted parol evidence.

The case was heard by *Gray*, C. J., and reserved upon the
pleadings, master's report and exceptions, for the consideration
and determination of the full court.

*W. S. B. Hopkins,* for the defendant.

*T. L. Nelson & A. J. Bartholomew,* for the plaintiff.

ENDICOTT, J.  The master has found that the assignments of
the several mortgages to the defendant by deeds absolute in form
were in fact made as collateral security for a loan by the defend-
ant to John F. Pond.  There was evidence before the master
which would warrant such finding, and we see no reason for dis-
turbing his report in that respect.

The defendant also excepts to the admission of parol evidence
to establish the fact, that such was the real character of the trans-
action.  Upon the other evidence reported the master might well
have found, independently of the parol proof, that these mort-
gages were assigned as collateral.  The defendant gave receipts
to Pond upon taking the assignments, reciting that the mortgages
were to be used for the benefit of Pond ; he afterwards made ad-
vances to Pond under this arrangement; and in October follow-
ing the parties had a settlement, and the sum being then ascer-
tained which Pond owed the defendant growing out of this trans-
action, Pond gave his note for that amount, which the defendant
still holds.  These acts and papers indicate clearly the character
of the transaction, and that it was not intended as an absolute
conveyance, but was collateral to a debt.  They determine, what
is the chief inquiry in such cases, whether a debt was created by
the transaction, and continued and kept alive afterwards.  *Eaton*
v. *Green,* 22 Pick. 526.  1 Sugd. Vend. (8th Am. ed.) 302.
But the master's finding appears to be based upon all the evi-
dence, and the parol proof may have influenced his decision.

It is now well settled that such evidence is competent, " not to
vary, add to or contradict the writing, but to establish the fact
of inherent fault in the transaction or consideration, which affords
ground for a court of equity to avoid the effect of the writing by
restricting its operation or defeating it altogether."  *Campbell* v.
*Dearborn,* 109 Mass. 130.  *Jackson* v. *Stevens,* 108 Mass. 94.
*Newton* v. *Fay,* 10 Allen, 505.

The plaintiff had acquired through sundry mesne conveyances
the right of John F. Pond to redeem the land so conveyed.
There is no evidence of laches on her part from which the court

can find the delay in bringing the suit unreasonable, or that the defendant has suffered thereby. In whatever form the defendant now holds that which was originally assigned to him as collateral, the same character attaches to it, whether it be money coming to him from a sale of some of the lots, or whether the mortgage title on other lots may have become absolute by foreclosure. The master having found upon a statement of the account what sum is due to the defendant, upon payment of that sum by the plaintiff, the defendant must convey his interest in the remaining lots to the plaintiff.               ▫               *Decree accordingly.*