MARTIN MULLALY *vs.* GEORGE H. HOLDEN & another.

Middlesex.   January 16, 1878.   ENDICOTT & SOULE, JJ., absent.

A declaration on an agreement within the statute of frauds need not allege that it was in writing.

A judgment upon default upon two counts alleged in the declaration to be for the same cause of action will not be reversed if either count is sufficient.

WRIT OF ERROR to reverse a judgment rendered by the Superior Court, at March term 1877, affirming a judgment on default of the First District Court of Eastern Middlesex, for $50 and costs, in an action of contract brought by George H. Holden and Warren Holden against Martin Mullaly.   Plea, *in nullo est erratum.*

The error assigned was that the declaration alleged no legal cause of action.   The declaration, as set forth in the record, was as follows:

" And the plaintiffs say that the defendant passed to them a check, a copy whereof is hereto annexed, and the same was cashed by them ; that they duly presented said check for payment, but it was not paid, there being no funds to meet it ; whereupon they duly notified the defendant, who refused to repay the amount of the check or any part thereof ; wherefore the defendant owes the plaintiffs the said amount and interest thereon.

" And, for the same cause of action, the plaintiffs further say, that the defendant was indebted to the plaintiffs in the sum of $16, and presented to them in payment thereof said check, and the plaintiffs declined to accept the same, whereupon the defendant agreed to guarantee it, the plaintiffs thereupon receipting said indebtedness and paying the defendant the balance of $34 ; that they duly presented said check for payment, but it was not

paid, there being no funds to meet it, whereupon they duly notified the defendant, who refused to repay the amount of said check or any part thereof; wherefore he owes the plaintiffs the said amount and interest thereon."

Annexed to the declaration was a copy of the check as follows: "$50. Boston, November 15, 1876. Shoe & Leather National Bank. Pay to the order of M. Mullaly or bearer fifty dollars. Payable November 30, 1876. W. J. Battles & Co."

*B. F. Briggs,* for the plaintiff in error. The first count is on a check, which the plaintiff in error never signed or indorsed, or became in any way a party to. The second count is on an oral guaranty, which will not support an action, under the statute of frauds.

*W. B. Stevens,* for the defendants in error, was not called upon.

BY THE COURT. A declaration on an agreement within the statute of frauds need not allege that it was in writing. *Price* v. *Weaver,* 13 Gray, 272. The second count is therefore sufficient, and the judgment affirms the cause of action therein stated, since both counts are alleged to be for the same cause. The case may thus be rightly understood by the court, and the question of the sufficiency of the first count is immaterial. Gen. Sts. *c.* 129, § 34. *Dryden* v. *Dryden,* 9 Pick. 546.

*Judgment affirmed.*