### FRANKLIN A. HALL *vs.* FRANCIS J. TAY & wife.

Middlesex.   Jan. 16, 1880. — April 8, 1881.   COLT, LORD & FIELD, JJ., absent.

A mortgage was given by a husband and wife on her land to A., as security for sales of goods to be made by him to the husband. *Held*, that parol evidence was admissible to show that the liabilities which the mortgage was intended to secure were those to be incurred by the husband to a firm of which A. was a member; and that it was immaterial that the wife did not know of the existence of the firm when she executed the mortgage, or when the subsequent purchases of goods were made.

ENDICOTT, J.   This is a writ of entry, in which the demandant, alleging his seisin in mortgage, seeks to recover a tract of land against Francis J. Tay and his wife.

The demandant is the surviving member of the firm of Noble, Hammett and Hall, formerly wholesale coal-dealers having places of business in New York, Philadelphia and Boston.   The demandant, as one of the partners, had charge of the Boston office, and was not engaged in business on his individual account.   The tenant, Francis J. Tay, a retail coal-dealer in Medford, came to the office and represented to the demandant that he wished to buy coal on credit, and would give security for his payments by a mortgage on real estate.   The demandant thereupon agreed to sell him coal on credit, and Tay, with his wife, who was owner of the fee, executed the mortgage in question.   It is recited in the mortgage that "the sole object and intent of this mortgage deed is to furnish security to the said Hall for certain credits hereafter to be given by said Hall to said Francis J. Tay," and also contains the following clause: that, "if the said grantors . . . . shall pay to the said Hall . . . . the sum of all legal obligations or indebtedness which may be owing from

said Francis J. Tay to said Hall, then this deed shall be absolutely void to all intents and purposes." The demandant thereupon sold and delivered to Francis J. Tay three cargoes of coal; the bills of lading delivered to him were in the name of the firm, and the notes given by him in payment were payable to the firm. The cargoes were charged to him on the firm books, and all payments made by him were credited to his account with the firm. The demandant had no dealing with him on his individual account. The firm recovered judgment against Francis J. Tay in the sum of $2109 for the balance due from him on the account and on the notes, which were not paid, given in payment of the cargoes.

A mortgage to secure future advances, whether of money or goods, is a valid security for such advances. *Commercial Bank* v. *Cunningham*, 24 Pick. 270. *Goddard* v. *Sawyer*, 9 Allen, 78. *Lawrence* v. *Tucker*, 23 How. 14. *Doyle* v. *White*, 26 Maine, 341. *Truscott* v. *King*, 2 Selden, 147. So when a wife executes a mortgage on her own land to secure a debt due from her husband to a third party, it is valid against her, although she has no interest in the debt, and as to her it is without consideration. *Bartlett* v. *Bartlett*, 4 Allen, 440. *Heburn* v. *Warner*, 112 Mass. 271. And when a mortgage is thus made by a wife to a trustee to secure a third party for liabilities already incurred for her husband, and also as security for future advances to be made by other persons on account of her husband, the mortgage is binding on the wife, and the trustee may enforce it to the extent of the liabilities incurred at the time it was given, and the advances afterwards made on the faith of the security. *Thacher* v. *Churchill*, 118 Mass. 108. See *Miller* v. *Lockwood*, 32 N. Y. 293; *Robinson* v. *Williams*, 22 N. Y. 380; *Shirras* v. *Caig*, 7 Cranch, 34.

There can therefore be no doubt that a mortgage given by the wife to secure this firm for sales of coal to be made by the firm to her husband would be a valid mortgage. But the mortgage here was given to Hall, and not to the firm; and the only question is, Can it be shown by parol that the liabilities that this mortgage was intended to secure were in fact the liabilities of the husband to the firm, and consequently that Hall took the mortgage in his own name for and in behalf of the firm?

It is not denied by the tenants that, when a mortgage is made to secure an existing debt or obligation, the debt or obligation intended by the parties to be secured by the mortgage may be identified and proved by parol, although differing materially from the actual description thereof in the mortgage deed. *Johns* v. *Church*, 12 Pick. 557. *Hall* v. *Tufts*, 18 Pick. 455. *Stackpole* v. *Arnold*, 11 Mass. 27. *Baxter* v. *McIntire*, 13 Gray, 168. *Melvin* v. *Fellows*, 33 N. H. 401. *Bank of Utica* v. *Finch*, 3 Barb. Ch. 293. *Hampden Cotton Mills* v. *Payson*, 130 Mass. 88. But it is contended that this rule cannot be extended beyond an existing indebtedness and be made to apply to the identification of future advances.

When a mortgage on its face is for the payment of a specific sum of money, it may be shown that its purpose was security for future advances which might be made from time to time. *McKinster* v. *Babcock*, 26 N. Y. 378, 381. In *Shirras* v. *Caig*, 7 Cranch, 34, it was held that a deed purporting to secure the repayment of 30,000 *l.* may stand as security for the repayment of part of that sum, and for the indemnity of the mortgagee from liabilities, if there be no fraudulent intent. It was said by Chief Justice Marshall, in delivering the judgment: "It is true that the real transaction does not appear on the face of the mortgage. The deed purports to secure a debt of 30,000 *l.* sterling due to all the mortgagees. It was really intended to secure different sums, due at the time from particular mortgagees, advances afterwards to be made, and liabilities to be incurred to an uncertain amount. It is not to be denied that a deed, which misrepresents the transaction it recites, and the consideration on which it is executed, is liable to suspicion. It must sustain a rigorous examination. It is, certainly, always advisable fairly and plainly to state the truth. But if, upon investigation, the real transaction shall appear to be fair, though somewhat variant from that which is described, it would seem to be unjust and unprecedented to deprive the person claiming under the deed, of his real equitable rights, unless it be in favor of a person who has been, in fact, injured and deceived by the misrepresentation."

We can see no reason why, in the absence of any specific statement in the mortgage as to the character of the advances,

parol evidence may not be introduced to identify and prove what advances were in fact intended by the parties. It is competent for the purpose of showing the actual consideration. There certainly would be no objection to it if the mortgage had been made in the same terms to the firm by name. And if made to one of the firm for the benefit of the firm, and, in consequence thereof, the advances were made by the firm, evidence of the actual advances made by the firm would be competent. Such evidence has no tendency to vary or control the written instrument, but merely to show what the particular advances were, intended to be secured under the general terms of the mortgage. And it is no objection to the evidence that it necessarily proves that Hall therefore took the deed, not in his individual capacity, but as acting for and in behalf of his firm. If the evidence shows that the advances referred to in the mortgage were advances by the firm, and that it was so understood by the parties, and it was intended that the mortgage should stand as security for such advances, then Hall would hold as trustee for the firm under a resulting trust, the firm having made actual advances which the mortgage was given to secure. Evidence to establish such facts would be competent. *Jackson* v. *Stevens*, 108 Mass. 94. *Pond* v. *Eddy*, 113 Mass. 149. *Jones* v. *Guaranty & Indemnity Co.* 101 U. S. 622.

It sufficiently appears from the agreed statement of facts that the real consideration for the mortgage was, that Hall, acting in behalf of the firm, should sell coal to Francis J. Tay upon credit, and that the mortgage was given by Tay and accepted by Hall in pursuance of this agreement; and the sales subsequently made by Hall for the firm were upon the faith of the security. It also sufficiently appears that, in all the dealings of Tay with Hall, it was well understood by both parties that Hall was acting as a member of the firm, and not in his private capacity, and that Tay bought the coal of the firm, and not of Hall. The bills of lading of the cargoes delivered to Tay were in the firm name, and the notes given by him in payment were made to the firm. We must therefore assume on these facts that, as between the husband and Hall, it was understood and agreed that the real estate conveyed by the mortgage, as security for the advances to be made, should stand in the name of Hall, a member of the

firm, for the benefit of the firm, and to secure the firm for the indebtedness of Tay. This is the only conclusion to be drawn from the acts and conduct of the parties.

The real transaction, therefore, so far as the mortgage is concerned, was this: it was given to Hall for the benefit of the firm, to secure advances made by the firm, and is valid in the hands of Hall as against the grantors to the extent of the advances thus made. It is immaterial that the wife did not know of the existence of the firm when she executed the mortgage, or when the purchases of the coal were made. She is not injured by the fact that the mortgage was given to Hall as security for the firm, rather than in terms to the firm itself. It is the ordinary case of a conveyance by a wife whereby she has made a charge upon her real estate to secure to a mortgagee a debt incurred by her husband, and expressly contracted upon the credit of the mortgage. Such a charge may be enforced against the estate. *Heburn* v. *Warner*, 112 Mass. 271. *Bartlett* v. *Bartlett*, 4 Allen, 440.

In a writ of entry to foreclose a mortgage made to secure the payment of money, the amount due is to be ascertained according to equity and good conscience. *Holbrook* v. *Bliss*, 9 Allen, 69. Upon the agreed statement of facts, the demandant is entitled to conditional judgment for possession of the estate unless the sum due him shall be paid.

*Judgment for the demandant.*

*H. W. Muzzey*, for the demandant.
*W. S. Stearns*, for the tenants.