GEORGE A. HANSCOM & others *vs.* CITY OF LOWELL.

Middlesex. January 23, 1896. — February 29, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Constitutionality of Act to establish Textile Schools.*

The St. 1895, c. 475, entitled "An Act relative to the establishment of textile schools," is constitutional.

PETITION, under Pub. Sts. c. 27, § 129, by ten and more taxable inhabitants of the city of Lowell, for an injunction to re-

strain the city and its officers from negotiating a loan authorized by a joint resolution of the city council on August 6, 1895, and from the payment of the money of the city to the " Lowell Textile School," created under St. 1895, c. 475, entitled " An Act relative to the establishment of textile schools."

The case was submitted to this court on the following agreed facts, and reserved by *Allen,* J. for the determination of the full court.

In pursuance of the provisions of St. 1895, c. 475, the city council of the city of Lowell, on August 6, 1895, passed a joint resolution authorizing the city treasurer to negotiate a loan of twenty-five thousand dollars, and to pay over that amount to the treasurer of the trustees of the Lowell Textile School.   The resolution was duly approved by the mayor of the city, but no loan was negotiated.   The trustees of the school were duly incorporated in July, 1895.   The corporation was not possessed of real or personal property, and had made no contract, and had done no act looking to the establishment of the school.   The incorporators were fifteen in number, and of these twelve were citizens and residents of Lowell, two of Boston, and one of Billerica.   The act was not submitted to the citizens of the city for acceptance by popular vote, nor was the action of the city council in passing the resolution authorized or ratified by a vote of the citizens.

*J. J. Pickman,* for the petitioners, contended, among other things, that the statute was in violation of the provisions of Article XVIII. of the Amendments to the Constitution.

*F. Lawton,* (*F. W. Qua* with him,) for the respondent.

ALLEN, J.   The establishment of a textile school in a large manufacturing city may be of such special and direct benefit to the city as to warrant the appropriation by it, under legislative sanction, of a sum of money in aid of the school, although persons from elsewhere may be members or trustees of the corporation, or may be admitted to be taught therein.   It is in aid of manufactures, which the Constitution (Part 2, c. 5, § 2) enjoins the Legislature to encourage, and the statute (St. 1895, c. 475) falls within the doctrine of *Merrick* v. *Amherst,* 12 Allen, 500, and is constitutional.   See also *Jenkins* v. *Andover,* 103 Mass. 94, 103.                              *Petition dismissed.*