AMOS DICK

*v.*

ROBERT L. DICK *et al.*

*Opinion filed April 21, 1898.*

1. STATUTE OF FRAUDS—*parol evidence is not admissible to establish an express trust.* Parol evidence is not admissible to establish an express trust where the answer to the bill of complaint raises the defense of the Statute of Frauds.

2. TRUSTS—*resulting trust must arise at time of conveyance.* To establish a resulting trust it must be alleged and clearly proved that the purchase money belonged to the alleged *cestui que trust* and was advanced and invested at the time the purchase was made, as a resulting trust cannot be created by funds subsequently furnished.

APPEAL from the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding.

A. A. LEEPER, for appellant.

R. W. MILLS, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery for partition, brought by Robert L. Dick and Martha Sutton, against the appellant. The parties are the only children of Levi and Ematier Dick. Ematier Dick, mother of the parties, died intestate about forty-three years before the filing of the bill herein. Levi Dick, father of the parties, died testate about the first day of April, 1895. His will, so far as it relates to the parties to this proceeding, is as follows:

"*Third*—I give and bequeath to my son Robert L. Dick the sum of five dollars. I have heretofore given to my son, the said Robert L. Dick, various and sundry sums of money, and have paid sundry notes of said Robert L. Dick upon which I have become security, so that he has already received from me the equivalent of a fair share of my estate.

"*Fourth*—I devise and bequeath to my daughter, Martha A. Sutton, the following described real estate, to-wit: The north-east quarter of the south-east quarter and the east half of the north-west quarter of the south-east quarter of section 35, in township 19, north, range 9, west 3d P. M., in Cass county, Illinois, to have and to hold the same to her and her heirs forever.

"*Sixth*—I give, devise and bequeath to my son Amos Dick the following described real estate, to-wit: The east half of the east half of the south-west quarter of section 26 and the east half of the east half of the north-west quarter of section 35, all in township 19, north, range 9, west 3d P. M., in Cass county, Illinois, (excepting so much of the described tract as I have heretofore conveyed to William Griffin as a roadway, and to Benjamin E. Bowman and others, trustees, for a cemetery,) to have and to hold the same to him and his heirs forever."

The bill alleged the land devised to appellant, Amos, was paid for by said Levi Dick, deceased, out of moneys received by him from the said Ematier, his wife, together with the proceeds of the sale of a certain other tract of land devised to the said Levi by one John Leeper, who was uncle to said Ematier, and that said moneys were paid by the said Ematier to the said Levi, and said lands were devised to him by the said John Leeper, under an agreement between the said parties, respectively, that such money and the proceeds arising from the sale of the land should be held and invested by the said Levi for the children of the said Levi and Ematier, the complainants and defendant to the bill. The prayer of the bill was that said tract of land devised to Amos should be declared to have been held by the testator in trust for the complainants and said Amos, and that the same should be partitioned between them. The appellant answered the bill, denying the material allegations thereof and setting up the ninth section of the Statute of Frauds, and *laches*.

This is an appeal to reverse a decree which was entered establishing a resulting trust in favor of the complainants and declaring the title of the land to be in the parties to this proceeding, and decreeing it be partitioned between them.

The bill was framed and the greater part of the evidence produced for the purpose of establishing an express trust. The court did not accept that contention as being established, but found that a resulting trust arose out of the facts proven. The only evidence tending to show an express trust was verbal in character. The answer relied upon the Statute of Frauds, and parol evidence was therefore inadmissible to establish an express trust. *Stevenson* v. *Crapnell,* 114 Ill. 19; *Champlin* v. *Champlin,* 136 id. 309.

Nor do we think the decree of the court establishing a resulting trust can be upheld. The title to the land in question was conveyed to the said Levi Dick on the 11th day of January, 1854. He was then the owner of the land devised to him by John Leeper, and remained the owner thereof for nearly two years thereafter. It is therefore clear that no part of the proceeds of the sale of the land devised to him by John Leeper was in his hands at the time he received the conveyance of the title to the land in controversy. "A resulting trust must arise, if at all, at the time of the execution of the conveyance." *Alexander* v. *Tams,* 13 Ill. 221; *Reed* v. *Reed,* 135 id. 482; *Koster* v. *Miller,* 149 id. 195.

It appears from the evidence that Levi Dick received the sum of $135 from the personal estate of the father of his wife, Ematier, and the sum of $250 from the proceeds of the sale of lands which came to his wife by inheritance from her father. These sums of money came into the hands of Levi Dick in the years 1849 and 1850, and the record is barren of evidence tending to show that any part of such money was used in the purchase of the land in 1854. The common law rule that the husband becomes the owner of the personal property of the wife which came

into his possession was the law of this State when the money in question came into the possession of Levi Dick. We find nothing in the record to justify the court in holding that this common law rule had not full operation in this instance. It therefore did not appear that any money belonging to the complainants in the bill was used in purchasing the land sought to be partitioned.

The suggestion is made that it was proven that Levi Dick admitted that he used the proceeds of the sale of the land devised to him by John Leeper in making payment for the land in controversy, and that it may therefore be reasonably inferred that though he had not such proceeds when he purchased said land, he received the proceeds before making payment for the land and applied the proceeds to making such payment. There is no proof as to how or when Levi Dick paid for the land in question. The only witness introduced as having knowledge of the subject was the grantor of the land to Dick. He was produced as a witness, but was unable to state whether said Levi paid all of the purchase money at the time of the execution of the deed, or bought the land, in whole or in part, on deferred payments. But if it had been proven the land was purchased on time payments, and that the proceeds of the land devised by John Leeper came to the hands of Levi Dick in time to meet one or more of the deferred payments on the land in question, and such proceeds were applied to that purpose, it would not avail to raise a resulting trust. In *Reed* v. *Reed, supra,* we said (p. 487): "The trust can only arise from the original transaction at the time it takes place, and at no other time. The funds must be advanced and invested at the time the purchase is made. A resulting trust cannot be created by funds subsequently furnished." And in *Koster* v. *Miller, supra,* it was said: "It is too clear for argument that a resulting trust of this kind can only arise where the purchase money is shown to have belonged to the alleged *cestui que trust,* which fact must be clearly alleged and

proved.    The trust arises, if at all, at the time the deed is taken and upon the facts then existing."

The decree must be and is reversed and the cause remanded.

*Reversed and remanded.*