## FRANCIS A. SOUTHWICK *vs.* MYER SPEVAK.

Suffolk.　January 19, 1925. — May 21, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Equity Pleading and Practice,* Parties.　*Frauds, Statute of.　Trust,* What constitutes.

A demurrer for want of parties to a bill in equity for the establishment of "a resulting or constructive trust" in real estate must be sustained where the plaintiff claims as one only of several owners in common of the property and alleges in the bill that the defendant, after purchasing the property at a mortgagee's sale in circumstances which the plaintiff contends gave rise to the trust, sold it to another, who was not made a party to the suit.

While ordinarily it is not good ground for a demurrer to a bill in equity that the plaintiff relies upon a certain agreement relating to real estate and it is not alleged that the agreement is evidenced by a writing as required by the statute of frauds, if it appears from the allegations of the bill that the agreement set out was in fact oral only, a demurrer properly may be sustained on that ground.

A bill in equity to have declared "a resulting or constructive trust" in certain real estate and to compel the defendant to convey it to the plaintiff on certain conditions, contained in substance the following allegations: The plaintiff was one of several owners in common of the real estate, which was subject to a mortgage, and had paid sums of money for repairs, taxes and mortgage interest.　The premises were advertised for sale in foreclosure of the mortgage and the defendant represented to the plaintiff that out of friendship for him he would bid in the property, advance the necessary money, and later deed it to him and take in payment his note secured by a mortgage on the property. The defendant, representing that he was bidding for the plaintiff's benefit, induced others at the sale to refrain from bidding and secured the property at a little over a third of its value and then refused to convey to the plaintiff on the terms agreed.　Later he sold and con-

veyed the property to another.  The defendant demurred for want of
equity.  The demurrer was sustained and the bill was dismissed.
The plaintiff appealed.  *Held*, that

(1) The bill not seeking to set aside the foreclosure sale for fraud,
the court was justified in disregarding any equity to set it aside that
the bill might disclose;

(2) The statute of frauds barred the maintenance of the bill as for
specific performance of the contract;

(3) There was no resulting trust on the facts alleged, the plaintiff
having paid nothing toward the purchase price;

(4) There was no constructive trust, such a trust not arising merely
from a refusal to perform a promise, nor from a resort to the statute
of frauds to defeat an obligation, which were the grounds relied upon
in this bill.

BILL IN EQUITY, filed in the Superior Court on July 18,
1924, and afterwards amended, seeking to have "a resulting
or constructive trust" declared to exist as to certain real
estate in Malden which was sold to the defendant at mort-
gagee's sale and in which the plaintiff claimed a beneficial
interest with others as one of the heirs at law of Homer H.
Southwick, late of Malden.

Material allegations of the bill are described in the opinion.
A demurrer to the original bill was sustained by *Weed*, J.,
and the plaintiff was given leave to amend and did amend.
A demurrer to the bill as amended was heard by *Morton*, J.,
and was sustained, and a final decree was entered dismissing
the bill.  The plaintiff appealed.

The case was submitted on briefs.

*S. W. Wagner*, for the plaintiff.

*W. P. Murray*, for the defendant.

WAIT, J.  By his amended bill the plaintiff alleged that
as one of the heirs of Homer H. Southwick he had an in-
terest in real estate in Malden which was subject to a mort-
gage given by his ancestor; that he was in possession and
had expended large sums in repairs upon the premises and
had paid the taxes, and interest upon the mortgage; that the
premises were advertised for sale for breach of condition of
the mortgage, and the defendant before the day fixed for the
foreclosure sale represented that out of friendship for the
plaintiff, he would bid in the property at the sale, advance
the necessary money, take title, deed the property to the

plaintiff and take in payment the plaintiff's note secured by a mortgage on the property; that at the foreclosure sale, the defendant stated to those present at the sale that he was buying in the property for the plaintiff and thereby induced the plaintiff and others to refrain from bidding at the sale, in especial one whom the mortgagee had asked to bid in the interest of the plaintiff; that the property was struck off to the defendant for $1,580, much less than its real value; that the defendant paid the price bid and took a deed; that in all he did the defendant was acting with intentional fraud to secure the real estate for himself at less than its value; that before the filing of the bill the defendant refused to make conveyance to the plaintiff upon the latter's tender of a note and mortgage according to the agreement recited; and had bargained and sold the property for $4,200 to another. The prayers of the bill were that the court declare that the defendant held upon "a resulting or constructive trust" for the plaintiff; decree a conveyance to the plaintiff upon performance by him of the agreement set out in the bill; and, pending the proceedings, restrain any conveyance by the defendant.

The defendant demurred on the grounds that the bill set out no cause for equitable relief; that it did not join necessary parties; that while it sought to enforce a contract for the sale of land it did not aver any contract or memorandum in writing to satisfy the statute of frauds; and that the facts set out did not in law create a trust in the property in favor of the plaintiff. This demurrer was sustained and a final decree dismissing the bill was entered thereon. The plaintiff appeals.

The demurrer was sustained rightly. The bill lacked necessary parties. The person to whom the property was alleged to have been bargained and sold was a necessary party, since the bill prayed a conveyance to the plaintiff. The apparent equity disclosed upon the allegations of the bill was to have the foreclosure sale set aside. The plaintiff's co-owners of the equity of redemption, and the mortgagee, would be necessary parties to a bill for such a purpose.

It is not good ground for demurrer that the bill did not

aver that the agreements set out were in writing. *Mullaly* v. *Holden*, 123 Mass. 583. *Cranston* v. *Smith*, 6 R. I. 231. The defence of the statute of frauds, G. L. c. 259, § 1, and c. 203, § 1, is an affirmative defence ordinarily to be raised by plea or answer, *Whiting* v. *Dyer*, 21 R. I. 85; but if it appears that the agreements set out were in fact oral only, the court can consider this on demurrer. *Ahrend* v. *Odiorne*, 118 Mass. 261, 268. *Dick* v. *Dick*, 172 Ill. 578. The bill indicates that the agreements relied on were not in writing, and, upon this ground, the demurrer was properly to be sustained.

A fundamental difficulty with the bill, however, arises because the facts alleged in the bill as framed do not create either a resulting or a constructive trust. The bill as framed does not seek to set aside the foreclosure sale; and the court was justified in disregarding any equity to set aside the sale which it may disclose. It seeks a conveyance to the plaintiff either in performance of the agreements alleged, or by force of a resulting or of a constructive trust. The statute of frauds bars a specific performance. There was no resulting trust on the facts alleged. The plaintiff has paid nothing. He has not furnished the purchase money either in whole or in any part. The facts recited do not show a loan to him from the defendant. *Kennerson* v. *Nash*, 208 Mass. 393. The cases on which he relies, *Jackson* v. *Stevens*, 108 Mass. 94, *Williams* v. *Carty*, 205 Mass. 396, and *Davis* v. *Downer*, 210 Mass. 573, are distinguishable. Nor was there a constructive trust. Such a trust does not arise merely from a refusal to perform a promise, nor from a resort to the statute of frauds to defeat an obligation, which are the grounds relied upon in this bill. *Bourke* v. *Callanan*, 160 Mass. 195. *Kennerson* v. *Nash, supra*. *Ciarlo* v. *Ciarlo*, 244 Mass. 453. The expenditures of the plaintiff upon the premises and the payments of taxes and interest were all prior to the beginning of the foreclosure and in no way were induced by the action of the defendant.

The decree dismissing the bill was made after the plaintiff had opportunity to amend and had amended. The orders and decrees are affirmed.

*Ordered accordingly.*