MARY RUTH PERRY *vs.* HAROLD C. MILLER.

Middlesex. April 8, 1953. — May 29, 1953.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Mortgage,* Of real estate: validity, as security for debt of another.

A mortgage given by a wife on her real estate as additional security for an existing debt of her husband to the mortgagee and not as security for any obligation of hers was valid although she received no consideration for it.

BILL IN EQUITY, filed in the Superior Court on March 13, 1952.

The suit was heard by *Smith,* J.

*Alton F. Lyon,* (*James H. Kenney* with him,) for the defendant.

*John G. Brackett,* for the plaintiff.

WILLIAMS, J. This is a suit in equity to enjoin the foreclosure of a real estate mortgage. The defendant appealed from a final decree wherein the mortgage in question was declared to be "null and void," the defendant was enjoined from foreclosing it, and further was ordered to execute and to deliver a discharge of it to the plaintiff. There were findings of fact by the judge and designations of evidence by the parties. See Rule 2 (B) of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 693.

From the findings and the evidence it appears that the defendant owned and operated a wood finishing business in Milton on land the title to which was in his wife, Linnea T. Miller. He arranged to sell the business and personal property to his employee Charles H. Perry, the husband of the plaintiff, for $45,768. On May 31, 1947, Perry paid to Miller $5,000 in cash and gave him a promissory note for the balance of $40,768, this sum being payable in nine annual instalments with interest at four per cent on any instalment not paid at maturity, with a provision that on such nonpayment the entire balance should immediately become due. Miller delivered to Perry a conditional bill of sale of the machinery and other items of personal property containing the same provisions which were in the note. On the same day and as part of the transaction, Linnea T. Miller conveyed the real estate on which the business was conducted by quitclaim deed to the plaintiff, and the latter with her husband gave a mortgage back and executed a note for $10,000 payable to Mrs. Miller in nine years at four per cent.

The business while conducted by Perry was not "too" successful and in 1951 Miller became "apprehensive, [and] sought more security." As a result of conferences between Miller's attorney and the Perrys, Mrs. Perry on June 29, 1951, executed a second mortgage on the real estate to Miller in which it was stated that it was to secure the payment of $26,312 in five years with interest at four per cent. This was the amount which owing to a default in the payment of an instalment was then due and payable by Perry to Miller. No note was given and no "money or other thing of value was exchanged." Mrs. Perry testified that she knew of her husband's obligation to Miller and knew that Miller wanted the mortgage as additional security. Although Miller and Perry had agreed that if the mortgage was given Miller would allow Perry to continue payments on the note in accordance with its terms, the judge found that this agreement was not communicated to the plaintiff and that the mortgage was not given for this consid-

eration. He ruled that the mortgage was executed without consideration and was null and void.

A mortgage of real estate is a conveyance of the title or of some interest therein defeasible upon the payment of money or the performance of some other condition. *Wearse* v. *Peirce*, 24 Pick. 141. *Bayley* v. *Bailey*, 5 Gray, 505, 509. *United States Trust Co.* v. *Commonwealth*, 245 Mass. 75, 78. Where the condition of defeasance is the fulfilment of a promise by the mortgagor, the mortgage depends upon the validity of the mortgagor's obligation. If there is no consideration for the promise, there is no enforceable contract and the mortgage security is not available to the mortgagee. *Wearse* v. *Peirce*, 24 Pick. 141. *Saunders* v. *Dunn*, 175 Mass. 164. *Bailey* v. *Way*, 266 Mass. 437, 441. *Dow* v. *Poore*, 272 Mass. 223, 226. *Pearson* v. *Mulloney*, 289 Mass. 508. A mortgage, however, may exist without there being any debt or any personal liability of the mortgagor. *Rice* v. *Rice*, 4 Pick. 349. *Campbell* v. *Dearborn*, 109 Mass. 130, 144. *Cook* v. *Johnson*, 165 Mass. 245, 247. *Pearson* v. *Mulloney*, 289 Mass. 508, 515. A married woman may during coverture become surety for her husband (*Ricker* v. *Ricker*, 248 Mass. 549, 551) and may give a valid mortgage of her separate estate to secure the payment by him of his indebtedness to the mortgagee although she has no interest in the debt. *Hall* v. *Tay*, 131 Mass. 192. It is established by our decisions that a mortgage given by a wife for such a purpose requires no consideration. In *Bartlett* v. *Bartlett*, 4 Allen, 440, where a writ of entry was brought to foreclose a mortgage given by a wife to secure the payment of the debt of a partnership of which her husband was a partner, it was held that the mortgage was good, the court saying (pages 442–443), "It does not tend to impeach the conveyance to show that the wife had no interest in the debt to secure which the deed was made, or that as to her it was without consideration. A voluntary conveyance of land, considered as an instrument executed and not executory, without any consideration, is valid and sufficient to pass the title of the grantor. A mere want or failure of consideration

is no ground of avoidance of a deed by a grantor after it is fully consummated." This principle was recognized in *Heburn* v. *Warner*, 112 Mass. 271, *Thacher* v. *Churchill*, 118 Mass. 108, and *Hall* v. *Tay*, *supra*. In the case last cited it was said (page 193), "when a wife executes a mortgage on her own land to secure a debt due from her husband to a third party, it is valid against her, although she has no interest in the debt, and as to her it is without consideration." See also *Perkins* v. *Trinity Realty Co.* 3 Robb. (N. J.) 723, affirmed 1 Buch. 304; *National City Bank* v. *Wagner*, 216 Fed. 473; Osborne, Mortgages (1951 ed.) § 107; Tiffany, Real Property (3d ed.) § 1041; Wiltsie, Mortgage Foreclosure (5th ed. 1939) § 92; Powell, Real Property (1952) § 444; American Law of Property, § 16.67. The only case cited by the plaintiff in her original brief to support her contention that "a mortgage is null and void unless supported by a valid consideration" was *Broderick* v. *Broderick*, 325 Mass. 579. There the mortgage was given to secure payment of the personal note of the mortgagor and the validity of the mortgage depended on consideration for the note. *Kansas Manuf. Co.* v. *Gandy*, 11 Neb. 448, relied on by the plaintiff in a supplemental brief, holds generally that a mortgage without consideration is invalid, but is not an authority to be followed. As stated by Judge Mack in *National City Bank* v. *Wagner*, *supra* (page 478), the decision was due to the "failure to distinguish between a contract and a conveyance." In this *National City Bank* case it was said at page 477, "It is elementary that an executed conveyance of real or personal property, whether absolute or as collateral security for a debt, pre-existing or new, and either of the grantor or of another person, freely and voluntarily made, cannot be revoked. . . . But no new consideration, either to the debtor or to the mortgagor is required in order to validate the mortgage as an executed grant."

The ruling of the judge in the instant case ignored the difference between a mortgage given to secure an obligation of the mortgagor and one given without personal ob-

ligation to secure the indebtedness of a third person. As the final decree was based upon a ruling which we think erroneous, it must be reversed and a new decree entered dismissing the plaintiff's bill.

*So ordered.*