DOUBLE B CAPITAL GROUP, LLC vs. ELLIS, 101 Mass. App. Ct. 903

 
 DOUBLE B CAPITAL GROUP, LLC vs. DAVID ELLIS & another. [Note 1]

101 Mass. App. Ct. 903
 October 21, 2022

 

No. 21-P-1157.

Summary Process. Practice, Civil, Summary process, Motion to dismiss. Tenancy by the Entirety. Husband and Wife, Tenancy by the entirety. Real Property, Tenancy by the entirety, Mortgage. Mortgage, Foreclosure.

 The defendants, David and Kathleen Ellis, [Note 2] appeal from a judgment that dismissed, without prejudice, a summary process action that the plaintiff, Double B Capital Group, LLC (Double B), had brought against them. The Ellises contend that based upon their prior motion to dismiss, the judgment should have been with prejudice, thereby precluding Double B's right to evict them. The Ellises' basic contention is that the foreclosure of their property was invalid, because they held the property as tenants by the entirety, and although Kathleen signed the mortgage, she was not a signatory to the mortgage note and hence did not receive consideration for the conveyance of a mortgage. In particular, the Ellises rely on G. L. c. 209, § 1, a statute addressing the rights of a nondebtor spouse with respect to property held as a tenancy by the entirety. We affirm.

 Background. David and Kathleen Ellis took title as tenants by the entirety to their home in Bridgewater in October 1983. On August 30, 2004, David borrowed $200,000 from Citizens Bank of Massachusetts (Citizens) and signed a "Secondary Mortgage Loan . . . Agreement." On the same day, David and Kathleen conveyed a mortgage of the property to Citizens, as security for the loan made to David. David subsequently defaulted on the loan, and on December 5, 2019, a successor to Citizens (Citizens, N.A.) conducted a foreclosure under power of sale. Citizens, N.A., thereafter executed a "Massachusetts Foreclosure Deed by Corporation" on January 28, 2020, conveying absolute title in the property to Double B.

 In January of 2021, Double B filed a summary process complaint against the Ellises in the Housing Court. The Ellises responded with a motion to dismiss 

 Page 904 

under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), arguing that Double B had no right to evict Kathleen, where she had not signed the mortgage note. That motion was denied after a hearing. After a trial, the judge dismissed the case without prejudice, finding on other grounds that Double B had failed to establish a prima facie case for possession. [Note 3]

 On appeal, the Ellises renew their argument that their motion to dismiss should have been granted with prejudice, on grounds that Kathleen did not receive consideration for her interest in the property when she signed the mortgage, and therefore the transfer by mortgage deed failed, and that the foreclosure deed held by Double B is invalid. The defendants further contend that G. L. c. 209, § 1 -- which prohibits creditors of one spouse from "seiz[ing] or execut[ing]" upon property held as tenants by the entirety -- bars Double B from evicting Kathleen, the supposed nondebtor spouse, from the property.

 Discussion. We review the denial of a motion to dismiss de novo, accepting as true the factual allegations in the complaint and drawing every reasonable inference in favor of the plaintiff. Edwards v. Commonwealth, 477 Mass. 254, 260 (2017). Where, as here, the motion presents a question of law for the court, our review is de novo. See North Ctr. Realty, Inc. v. Jaffe, 97 Mass. App. Ct. 726, 728 (2020).

 1. Consideration for Kathleen's conveyance. As to the Ellises' claim that Kathleen's conveyance of her interest in the property by mortgage deed was invalid for lack of consideration, this case is controlled by the Supreme Judicial Court's decision in Perry v. Miller, 330 Mass. 261 (1953). In Perry, the plaintiff wife executed a mortgage on property owned by her, in order to secure payment on a promissory note given solely by her husband. Id. at 262. The trial court judge ruled that the wife received no consideration for executing the mortgage and that it was therefore null and void. Id. at 263. The Supreme Judicial Court reversed, stating, "A married woman may . . . become surety for her husband . . . and may give a valid mortgage of her separate estate to secure the payment by him of his indebtedness to the mortgagee although she has no interest in the debt" (citation omitted). Id. The court further stated that such a mortgage given by a wife "requires no consideration." Id. The court went on to quote Bartlett v. Bartlett, 4 Allen 440, 443 (1862):

"A voluntary conveyance of land, considered as an instrument executed and not executory, without any consideration, is valid and sufficient to pass the title of the grantor. A mere want or failure of consideration is no ground of avoidance of a deed by a grantor after it is fully consummated." 

Perry, supra at 263-264.

 The facts in this case fall within the rule of Perry and Bartlett. Kathleen signed the mortgage as a grantor, thereby conveying her interest in the property 

 Page 905 

to Citizens in order to secure the loan made to David. Perry teaches that Kathleen need not have been a recipient of proceeds from the loan granted to David in order for her conveyance of title to be valid. [Note 4] See Perry, supra at 263-265.

 2. G. L. c. 209, § 1. The Ellises suggest that Perry is no longer good law, due to the enactment of G. L. c. 209, § 1, which addressed the rights of spouses owning property as tenants by the entirety. See G. L. c. 209, § 1, as appearing in St. 1979, c. 727, effective February 11, 1980. That statute states, in relevant part: "The interest of a debtor spouse in property held as tenants by the entirety shall not be subject to seizure or execution by a creditor of such debtor spouse so long as such property is the principal residence of the nondebtor spouse." Id. The Ellises contend that this language applies to prevent the summary process eviction here, because Double B is seeking to dispossess Kathleen of the property as a result of a note signed only by her husband.

 The Ellises' argument misapprehends the language and the import of G. L. c. 209, § 1. The purpose of the statute was to "grant[] women an equal right to enjoy the incidents of a tenancy by the entirety," Coraccio v. Lowell Five Cents Sav. Bank, 415 Mass. 145, 151 (1993), by ensuring that the wife could not be dispossessed of her home during her lifetime based upon a debt of her husband as to which she had no interest. Thus, if a judgment enters against the husband based upon a debt owed by him, the creditor cannot enforce that judgment by executing on a property held in a tenancy by the entirety. Id.

 This case, however, is not one involving enforcement of a judgment entered solely against the husband. The critical fact here is that Kathleen signed the mortgage conveyance. Compare Coraccio, 415 Mass. at 151 ("Nor, by virtue of G. L. c. 209, § 1, may a creditor of either seize the principal residence absent the joint signature of the spouses" [emphasis added]). As to the mortgaged property, Kathleen is not a "nondebtor spouse" for purposes of the statute, nor did Citizens, N.A., "execute" upon the property when it foreclosed. [Note 5] The Ellises' mortgage of the property effected a valid transfer of legal title to Citizens, leaving the Ellises with only the equity of redemption. See Eaton v. Federal Nat'l Mtge. Ass'n, 462 Mass. 569, 575-576 (2012); Bevilacqua v. Rodriguez, 460 Mass. 762, 773 (2011) ("Massachusetts is a 'title theory' State in which 'a mortgage is a transfer of legal title in a property to secure a debt'" [citation omitted]). When Citizens, N.A., foreclosed, it did not "execute" on the property, but rather it extinguished the Ellises' equitable right of redemption, thereby reuniting legal and equitable title.

 In short, we do not find any basis for concluding that G. L. c. 209, § 1, abrogated the principle laid down in Perry, 330 Mass. at 263-265, that one 

 Page 906 

spouse may voluntarily mortgage his or her interest in a property in order to secure a debt owed by the other spouse. If it properly establishes the elements of its possession claim, Double B, as title holder to the property pursuant to the foreclosure deed, may evict the Ellises by summary process. [Note 6] See G. L. c. 239, § 1.

 Judgment of dismissal without prejudice affirmed. 

Patrick M. Culhane for the defendants.

James F. Creed, Jr., for the plaintiff.

FOOTNOTES
[Note 1] Kathleen Ellis. 

[Note 2] Because the parties share the same last name, we refer to them by their first names where necessary to distinguish them. 

[Note 3] Although the parties do not raise the issue, we note that a judge has the discretion to dismiss a case without prejudice, even after trial, where the judge determines that there has been "a slip or mistake in the pleadings or in the proof" (quotation and citation omitted). Ogens v. Northern Indus. Chem. Co., 304 Mass. 401, 403 (1939). 

 We also note that the court's judgment was properly appealable, even though it was without prejudice. "The judgment is not interlocutory in nature because it dismissed the complaint in its entirety." Arsenault v. Bhattacharya, 89 Mass. App. Ct. 804, 808 n.5 (2016).

[Note 4] Even assuming for the sake of argument that Perry for some reason does not apply here, we are not persuaded that Kathleen failed to receive "consideration" for conveying the mortgage. The mortgage recited consideration, and it is incorrect to assume that merely because David was the only signatory to the note, Kathleen received nothing of value. The facts are not developed on this issue, but it is of course quite possible that Kathleen did benefit from the loan at issue, as it was made in connection with the home she occupied. See Marine Contrs. Co. v. Hurley, 365 Mass. 280, 286 (1974) ("consideration is satisfied if there is either a benefit to the promisor or a detriment to the promisee"). 

[Note 5] "Execution" is a term of art applicable to enforcing judgments. See Mass. R. Civ. P. 69, 365 Mass. 836 (1974) ("Process to enforce a judgment for the payment of money shall be a writ of execution . . ."). 

[Note 6] Double B's request for an award of costs and attorney's fees is denied. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.